## Commonwealth *v.* Mitchell, Appellant.

Submitted September 25, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Clarence Mitchell,* appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 14, 1967:

In 1963 appellant was sentenced to life imprisonment after a plea of guilty to a charge of murder. He subsequently filed a habeas corpus petition which was denied and that denial affirmed by this Court. See *Commonwealth ex rel. Mitchell v. Rundle,* 416 Pa. 296, 204 A. 2d 923 (1965). A January 13, 1965 petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966) was denied by the Court of Quarter Sessions of Allegheny County.

Although appellant requested appointment of counsel by the trial court and indicated that he was without funds to procure his own, neither the record below nor the lower court opinion indicate that this request was honored. Appellant then appealed to this Court in forma pauperis. *Commonwealth v. Hoffman,* 426 Pa. 226, 232 A. 2d 623 (1967) (per curiam) and *Commonwealth v. Richardson,* 426 Pa. 419, 233 A. 2d 183 (1967) (per curiam) clearly hold that §12 of the Post Conviction Hearing Act imposes a mandatory requirement upon the trial court to appoint counsel for an indigent post-conviction applicant.

An examination of appellant's previous habeas corpus petition also demonstrates that he was not at that time afforded counsel. Our *Richardson* and *Hoffman* decisions at least require that an indigent be granted one appointment of counsel to aid in the prosecution of his post-conviction attempt. Therefore, as we did in *Richardson* and *Hoffman*, we vacate the order below and remand the record for appointment of counsel without reaching the merits of appellant's petition.

We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies §4.4, at 66 (1967) : "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se*. . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff."

The order of the Court of Oyer and Terminer and Quarter Sessions of Allegheny County is vacated and the record remanded to that court with instructions to appoint counsel to represent Clarence Mitchell in a post-conviction proceeding at which Mitchell's eligibility for an evidentiary hearing and/or other relief may be determined.

Mr. Justice COHEN took no part in the consideration or decision of this case.