Commonwealth *v.* Via, Appellant.

374

Submitted May 21, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Richard D. Walker*, Public Defender, for appellant.

*Marion E. MacIntyre*, Deputy District Attorney, and *Leroy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Nix, March 25, 1974:

The issue presented by this appeal is the propriety of the Dauphin County Court's dismissal without a hearing of appellant's second post-conviction petition filed pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1972). The Superior Court affirmed the order and we granted allocatur.

Appellant contends that the petition filed below did allege facts which, if proved, would entitle him to relief and therefore he should have been granted an evidentiary hearing to establish these facts. Act of January 25, 1966, *supra* §9, 19 P.S. §1180-9; *Commonwealth v. Gwyn,* 449 Pa. 131, 295 A. 2d 73 (1972); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A. 2d 345 (1968); *Commonwealth ex rel. Harbold v. Rundle,* 427 Pa. 117, 233 A. 2d 261 (1967). While appellant's assertion is a correct statement of the law, this Court has also stated that the court below may refuse an evidentiary hearing, even where the petition avers facts which normally would entitle petitioner to relief, if the record shows a waiver under section 4 of the Post Conviction Hearing Act, *supra.* §4, 19 P.S. §1180-4. *Commonwealth v. Johnson, supra, Commonwealth v. Snyder,* 427 Pa. 83, 102, 233 A. 2d 530 (1967); *Commonwealth v. Kravitz,* 441 Pa. 79, 269 A. 2d 912 (1970).

Appellant was convicted of burglary in 1968 for which he was sentenced to ten to twenty years imprisonment. He made no post-trial motions and took no appeal. Within three months he filed his first Post Conviction Hearing Act petition which was denied without a hearing, *Commonwealth v. Via,* 89 Dauph. 336 (1968). In 1970 he filed a second PCHA petition in which he made the following contentions:[1] (1) the confession used against him at trial was coerced and made without adequate warnings, (2) a witness in petitioner's behalf is now available who can show that the testimony of one of the Commonwealth's witnesses was perjured,

---

[1] The submitted brief does not refer to the claims set forth in the petition, but instead makes two totally different claims. Evidently these claims were never presented to the court below and while it is appropriate for counsel to raise claims not apparent to the petitioner originally, the proper route for airing these issues is an amended petition. Act of January 25, 1966, *supra,* §7, 19 P.S. 1180-7.

(3) that the court-appointed trial attorney was incompetent, and (4) that assigned counsel on his first PCHA petition was incompetent.[2]

Since the first two claims were clearly cognizable on direct appeal, appellant's failure to raise those claims by appeal would constitute a waiver under section 4 of the Post Conviction Hearing Act. Only an involuntary or unknowing failure to exercise one's right to appeal would circumvent the operation of section 4 and, although appellant claims a denial of his right to appeal, there is no factual basis for this assertion in accordance with Act of January 25, 1966, *supra* §5, 19 P.S. §1180-5, see also *Commonwealth ex rel. Kern v. Maroney*, 423 Pa. 369, 223 A. 2d 706 (1966), and, moreover, the record clearly demonstrates that the decision not to appeal was voluntary,[3] *Commonwealth v. Mack*, 451 Pa. 319, 304 A. 2d 93 (1973).

Appellant also alleges that he is entitled to raise his second contention because the falsity of the witness' testimony is newly discovered evidence, discovered after all prior proceedings and therefore the waiver principle is inapplicable under §3(c)(13) of the Post Conviction Hearing Act. However, appellant was aware earlier of the evidence which he now asserts, to wit, that a co-defendant was willing to state that petitioner was not involved in the burglary incident. Although appellant claims that this witness was unavailable at the

---

[2] These claims are raised in the petition and the accompanying affidavit, *Commonwealth v. Fox*, 448 Pa. 491, 295 A. 2d 285 (1972); *Commonwealth v. Davis*, 433 Pa. 267, 249 A. 2d 766 (1969).

[3] After the trial the following colloquy ensued: "Q. And did you discuss with Mr. Andrews the filing of motions for new trial? A. Yes. Q. And did he tell you you had a right to file these motions? A. Yes. Q. And what response did you give to Mr. Andrews? A. That I don't want to appeal. Q. You don't want to appeal? A. No. Q. All right. And is that your answer here today? A. Yes, it is. Q. You have the right to file motions, understand that? A. Yes. Q. And it is your decision not to do so? A. Yes, it is."

time of trial due to his incarceration in another county, such witness was still known to appellant and arrangements to acquire his testimony could have been made.[4] Thus, appellant's first two contentions are finally litigated or waived for failure to proceed on direct appeal and failure to allege any extraordinary circumstances which would prevent the operation of a waiver. Act of January 25, 1966, *supra*, §4, 19 P.S. §1180-4. *Commonwealth v. Mack, supra; Commonwealth v. Beecham,* 450 Pa. 197, 299 A. 2d 651 (1973); *Commonwealth v. Parker,* 449 Pa. 282, 296 A. 2d 744 (1972); *Commonwealth v. Gwyn, supra.*

Appellant's claims of ineffective assistance of counsel at trial and in his first Post Conviction Hearing Act petition are appropriate complaints for collateral review though not raised on direct appeal. A prior counseled PCHA petition would normally effectuate a waiver of such a claim, *Commonwealth v. Black,* 433 Pa. 150, 249 A. 2d 561 (1969). However, here, during the first PCHA proceeding, appellant was assigned counsel who was a member of the same office that represented him at trial. We will not view the failure to raise a claim of incompetency as a waiver where an individual in the subsequent proceeding is represented by the same counsel or one of his associates. The law will not assume that counsel has advised his client of his inadequacies or those of his associates. Therefore, we cannot assume a knowing and understanding waiver of this issue.

We also note that in his first petition appellant raised two issues not raised in his present petition. These were: (1) that the trial judge erred in commenting in his charge upon appellant's failure to testify and (2) that appellant was unlawfully convicted of larceny and receiving stolen goods on the same indictment. In view of his allegation, which has some support in the

---

[4] Act of March 31, 1860, P. L. 427, §1, 19 P.S. §1 (1964).

record,[5] that he was denied appellate review in his first petition, appellant is still entitled to an evidentiary hearing to determine whether he was denied his right to appeal from his first PCHA petition. See *Commonwealth v. Davis*, 433 Pa. 267, 249 A. 2d 766 (1969) and cases cited. Therefore, we hereby remand the case with the direction that new counsel, not a member of the Public Defenders Office, be appointed to represent appellant and that he be afforded a hearing on the issue of competency of trial counsel in his trial and also that he be allowed to question whether or not his appellate rights with reference to his first PCHA petition have been violated.

It is so ordered.

Mr. Justice POMEROY concurs in the result.

Mr. Justice MANDERINO concurs in the result.

---

[5] Appellant included a special motion in his first PCHA petition in which he requested that the court order appointed counsel to appeal his case in the event he was unsuccessful and the judge did so in his opinion. Counsel did not file an appeal and there is nothing in the record to indicate why he failed to do so.