341 A.2d 448

**COMMONWEALTH of Pennsylvania**

**v.**

**Clarence Eugene FIERO, Appellant**
**(two cases).**

Supreme Court of Pennsylvania.

Submitted March 10, 1975.

Decided July 7, 1975.

Stephen H. Hutzelman, Erie, for appellant.

Robert H. Chase, Dist. Atty., Erie, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is an appeal from the denial of two petitions filed under the Post-Conviction Hearing Act.[1] This Court consolidated these appeals for argument and disposition. Clarence Fiero was indicted for a murder which occurred on August 19, 1973. Subsequently a plea of guilty was entered to the charge of murder in the second degree [2] and conspiracy to commit armed robbery.[3] Sentence was imposed on February 25, 1974. No post-trial motions were submitted and appellant failed to file a direct appeal.

 On March 8, 1974, appellant filed a PCHA petition in propria persona alleging several grounds for relief. Most critical was the absence of any allegation charging that he was denied his right to a direct appeal. See, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Commonwealth v. Norman*, 447 Pa. 217, 285 A.2d 523 (1971). This omission would normal-

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, eff. March 1, 1966, 19 P.S. § 1180–1 *et seq.* (Supp.1974–75).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1(b), 18 Pa.C.S. § 2502(b), eff. June 6, 1973. Under former practice we have stated that it was improper to accept a plea to murder in the second degree. See *Commonwealth v. Stokes*, 426 Pa. 265, n. 1, 232 A.2d 193, n. 1, (1967); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 340–41, 223 A.2d 699, 701 (1966). However, we noted that the accused is not prejudiced provided the plea was knowingly entered. Under the former Penal Code, the crimes of murder in the first and second degrees were set forth in the same section, June 24, 1939, P.L. 872, § 701; December 1, 1959, P.L. 1621 § 1, 18 P.S. § 4701 (1964). Under the New Crimes Code as it appeared when the instant act was committed, section 2502 sets forth murder in the first degree in subsection (a) and murder in the second degree in subsection (b). Whether this would justify an altering of former procedure is questionable. In any event, appellant has not raised the issue, thus we need not here consider the wisdom of continuing the former practice of entering the plea to murder generally.

3. Act of December 6, 1972, *supra* at § 903, 18 Pa.C.S. § 903.

412

ly preclude review of any ground that was cognizable on direct appeal. Act of January 25, 1966, P.L. (1965) 1580, § 4, eff. March 1, 1966, 19 P.S. § 1180–4 (Supp. 1974–75); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974). However, the present procedural posture makes this general rule inapplicable.

We have held that a theory of waiver or finally litigated cannot be predicated upon an uncounseled proceeding. *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969).

Moreover, in this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding, *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Richardson*, 426 Pa. 419, 233 A.2d 183 (1967); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967); Pa.R.Crim.P. 1504, 19 P.S. Appendix. These considerations were explored in *Commonwealth v. Mitchell, supra,* where we stated:

"We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967) [approved draft 1968]: 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se.* . . . Exploration of the legal grounds for complaint, investigation of the under-

lying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.' " (Citations omitted). *Id.* at 148.

Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

 A review of this record reveals that the first petition was filed pro se and that after counsel's appointment there was no attempt to file an amended petition. Further, the petition was dismissed without an evidentiary hearing and the record is barren of any indication of oral argument before that decision was rendered or that counsel filed a brief to set forth the legal principles upon which his client relied. These facts compel the conclusion that the proceeding was in fact uncounseled. Under such circumstances the mandate of section 12 of the Post-Conviction Hearing Act as interpreted by this Court has not been met. See, *Commonwealth v. Mitchell, supra*; Pa.R.Crim.P. 1503, 1504.

The events surrounding the filing of the second petition are similarly devoid of any evidence of meaningful participation by counsel. Here again the petition was pro se and a decision was rendered without a hearing, the submission of briefs, or oral argument. In neither instance did this appellant have the opportunity of legally trained counsel to advance his position in acceptable legal terms. Unquestionably, this is the type of situation that this Court addressed in *Commonwealth v. Mitchell, supra* and sought to avoid. The reasoning of that case which we now reaffirm, compels us to vacate the order of the hearing court and remand these causes to the court below for proceedings consistent herewith.

Accordingly, the order of the court below is vacated and the matter is remanded to that court with instruc-

tions to appoint counsel to represent appellant in the filing of an amended post-conviction petition and any further proceedings thereon.

It is so ordered.

POMEROY, J., concurs in the result.