361 A.2d 861

COMMONWEALTH of Pennsylvania

v.

Theodore Mark CROWTHER, Appellant.

Superior Court of Pennsylvania.

June 28, 1976.

William C. Haynes, Asst. Public Defender, Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Charles A. Achey, Jr., Asst. Dist. Atty., Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On October 1, 1973, appellant pleaded guilty to the charge of rape. Pursuant to the terms of a plea bargain, the lower court sentenced appellant to pay the costs of prosecution, to pay a fine of one hundred dollars, and to be incarcerated for no less than four nor more than eight years. On direct appeal, appellant challenged the validity of the guilty plea colloquy. Finding the issue raised to be without merit, this court affirmed the lower court's judgment of sentence in a per curiam order. *Commonwealth v. Crowther*, 231 Pa.Super. 705, 326 A. 2d 64 (1974).

On December 12, 1974, appellant filed a petition under the Post Conviction Hearing Act,[1] alleging that his guilty plea was invalid because counsel who had represented him at the plea hearing and on appeal (a member of the Lancaster County Public Defender Office) had been ineffective. For purposes of the PCHA petition, new counsel (also a member of the Lancaster County

---

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180-1) *et seq.* (Supp.1975-76).

Public Defender Office) was appointed and a hearing was held.

At the outset of the hearing, appellant's counsel asked to be replaced by counsel from outside the Public Defender Office, because of an apparent conflict of interest. This motion was denied, the hearing proceeded, and appellant's petition was dismissed. On appeal, appellant contends that the lower court erred in allowing him to be represented by a member of the same office as his allegedly ineffective trial and appellate counsel. We must agree.

In *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974), the Pennsylvania Supreme Court held that the issue of ineffective assistance of counsel could not be waived in a proceeding where the defendant was represented by counsel from the same office as the counsel alleged to have been ineffective.

Although *Via, supra,* is distinguishable from the present case, in that the Commonwealth does not assert that appellant waived any issues, we believe that the rationale of *Via* mandates reversal. In that case, the court reasoned that "[t]he law will not assume that counsel has advised his client of his inadequacies or those of his associates." 455 Pa. at 377, 316 A.2d at 898. This reasoning obviously imputes a relationship to associates which may preclude zealous advocacy. The nature of the criminal process necessitates that even the appearance of partiality be scrupulously avoided.

Furthermore, it is clear that in many cases, the well-trained eye of an attorney will uncover instances of ineffectiveness that would not be apparent to an uncounseled defendant. When counsel is appointed, it is his duty to examine the entire record for evidence of ineffective assistance, and to present to the court and to his client any instances he uncovers. Yet, in *Via*, the su-

preme court declared that the law will not assume that an associate will perform that duty.

Therefore, the order of the lower court must be reversed and the case remanded for a hearing on the issue of the ineffectiveness of the counsel who represented appellant at the plea hearing and on appeal. At that hearing, appellant may not be represented by a member of the Lancaster County Public Defender Office.

It is so ordered.

HOFFMAN, J., concurs in this result.

SPAETH, J., files a concurring opinion.

SPAETH, Judge (concurring).

I agree with the majority that appellant should not have been assigned counsel from the Lancaster County Public Defender Office at his PCHA hearing when he alleged in his petition that his trial attorney, also from the Public Defender Office, had not effectively represented him. Relying on *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974), where our Supreme Court said that when ineffective representation is alleged, Public Defenders from the same office should be treated as attorneys associated with the same firm, the majority finds that that case "obviously imputes a relationship to associates which may preclude zealous advocacy." Slip opinion at 2. I would go further. In my view, when ineffective representation and conflicts of interest are alleged, we are constitutionally prohibited from applying different standards to public law firms like the Defender and private firms. To do so would impermissibly weaken the Supreme Court's extension of legal representation to the poor I have discussed this more fully in my concurring and dissenting opinion in *Commonwealth v. Westbrook*, —— Pa.Super.Ct. ——, A.2d —— (1976).