366 A.2d 225
**COMMONWEALTH of Pennsylvania**
**v.**
**Dallas Robert SCOTT, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 3, 1976.

Decided Nov. 24, 1976.

Dusan Bratic, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the dismissal, without a hearing, of the Post Conviction Hearing Act Petition of appellant, Dallas Robert Scott.

The facts surrounding this appeal are as follows. On February 18, 1970, appellant was convicted of murder in the second degree. Post-trial motions were filed, but subsequently withdrawn. Appellant was sentenced to a term of ten to twenty years in a state correctional institution. A direct appeal was taken to this court, which affirmed the judgment of sentence. *Commonwealth v. Scott*, 445 Pa. 618, 284 A.2d 311 (1971).

In 1973, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. Following an evidentiary hearing, the petition was denied on September 24, 1974.

On November 13, 1974, appellant filed a *pro se* petition pursuant to the Post Conviction Hearing Act.[1] Counsel was appointed, but no amended petition was filed.[2] On December 5, 1974, appellant's petition was dismissed without a hearing.

Appellant's *pro se* petition was inarticulately drawn and, in the opinion of the court below, failed to allege "facts that if proven would entitle petitioner to relief. . . .." 19 P.S. § 1180–9. This appeal followed.

1. Act of January 25, 1966, P.L. 1580 § 1, et seq., 19 P.S. § 1180–1, et seq. (Supp.1975–76).

2. Such amendments should of course be filed, when necessary for adequate representation.

We do not reach the merits of appellant's claim because of the procedural posture of this case. In the instant case, pursuant to the mandate of *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148 (1967), the public defender's office was appointed to aid the appellant in his post-conviction proceeding. In *Mitchell*, this court, in requiring appointment of counsel, stated:

"We pause to note that the *mandatory appointment requirement* is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. *Counsel's ability to frame the issues in a legally meaningful fashion inures the trial court that all relevant considerations will be brought to its attention.* As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se. . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statements of claims are functions of an advocate that are inappropriate for a judge, or his staff.' " (Emphasis supplied.)

In *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448, 450 (1975), this court reaffirmed *Mitchell*, and further defined counsel's role by stating:

"Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation."

Under the circumstances of this case, appellant's appointed counsel failed to perform his duties and responsi-

bilities of adequate representation. Therefore, the post-conviction proceedings were uncounselled and violative of *Mitchell* and § 12 of the Post Conviction Hearing Act.

Order of the Court of Common Pleas of Dauphin County is vacated and the matter is remanded to that court with instructions to appoint counsel to represent appellant in the filing of an amended post-conviction petition and any further proceedings thereon.

POMEROY, J., filed a concurring opinion.

POMEROY, Justice (concurring).

My review of the record in this case satisfies me that the order of the Court is warranted, and I therefore concur in it. I add this statement merely to make clear my own view that the Court should not establish a *per se* rule to the effect that any lawyer appointed to represent a petitioner under the Post Conviction Hearing Act, Act of January 26, 1966, P.L. 1580, § 1, *et seq.*, 19 P.S. § 1180–1, *et seq.* (Supp.1975–76), must file an amended petition or be deemed to have failed in his professional duties to his client, who may then proceed anew with different counsel. I do not understand that such a rule is being established in this case.