374 A.2d 1309

**COMMONWEALTH of Pennsylvania**

v.

**James Boyce SINGLETON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided June 29, 1977.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

In a petition filed pursuant to the Post Conviction Hearing Act,[1] appellant contended that his March 10, 1976 guilty pleas was not knowing, intelligent and voluntary because he did not realize that he was waiving his right to a speedy trial. Appellant now challenges the lower court's dismissal of his petition without a hearing.[2] Because we cannot determine the merits of appellant's claim without an evidentiary hearing, we remand the case to the lower court.

On March 26, 1973, Kenneth Marut, a Pennsylvania Bureau of Drug Control agent, executed a criminal complaint charging appellant with selling five packets of heroin to a police undercover agent in Dauphin County for $40.00. On August 21, 1973, the Dauphin County Court of Common Pleas entered an order directing the sheriff to secure appellant's release from York County Prison for arraignment on an indictment charging one count of unlawful delivery of a controlled substance.[3] Appellant appeared for arraignment on August 24, 1973, and was returned to York County to face trial on charges there. On September 13, 1973, appellant posted bond in York County; because York County officials had no record of a detainer lodged by Dauphin County officials, appellant was released. The Dauphin County Court of Common Pleas scheduled October 16, 1973, as appellant's trial date. When the district attorney discov-

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq.

2. Appellate counsel frames the issue in terms of a violation of Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix. Clearly Rule 1100 has no applicability to cases in which the criminal complaint is filed before June 30, 1973. Nevertheless, we do not find this fatal to the claim that appellant's plea was not voluntary. First, the question presented to the lower court was framed in terms of a constitutional speedy trial violation. Second, Rule 1100 was promulgated to protect the same interests as the constitutional guarantee of a speedy trial. Third, we are remanding the case and not reaching the merits of appellant's speedy trial claim.

3. Uniform Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13; as amended October 26, 1972, P.L. 1048, No. 263, § 1; 35 P.S. § 780–113(a)(30). Amended subsequent to arrest, Dec. 30, 1974, P.L. 1041, No. 340, § 1.

ered that appellant was not in York County Prison, he sent a written notice to appellant's last known address, which was returned marked "Addressee Unknown."

Appellant alleges that he returned to Dauphin County when the pending criminal charges in York County were nolle prossed and sought information from the Dauphin County court officials regarding the disposition of the narcotics charge. Appellant claims that he was told that the charges had been dismissed. He further alleges that the authorities knew of his whereabouts at all times prior to his re-arrest and that, in fact, during this period, he frequently saw one of the police officers who ultimately would have been called to testify on behalf of the Commonwealth.

On January 15, 1976, Harrisburg Police officers arrested appellant for simple assault,[4] and the district attorney lodged a *capias* against him on the 1973 narcotics charge. On January 21, 1976, appellant filed a *pro se* petition for a writ of habeas corpus alleging, *inter alia,* that he had been denied his right to speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).[5] The lower court made no formal disposition of the petition prior to appellant's appearance for trial.

On March 10, 1976, appellant's counsel, a Dauphin County public defender, announced that appellant wished to change his plea and waive a jury trial. The public defender then interrogated appellant to demonstrate that he understood the charge and the factual basis underlying it, that he understand the protections of a trial by jury and his right to a trial without a jury, and that he was competent to under-

4. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2701. This charge was apparently nolle prossed prior to sentencing in the instant case.

5. The factors to be balanced in determining a denial of a constitutional right to speedy trial are: length of delay, the reasons for the delay, the accused's assertion of the right, and the prejudice to the accused resulting from the delay. See also *Commonwealth v. McQuaid,* 464 Pa. 499, 347 A.2d 465 (1975).

stand and waive his rights. At this point, appellant interrupted:

"THE DEFENDANT: Um—

"[Defense Counsel]: Yes? Go ahead.

"THE DEFENDANT: I didn't never have time to get anybody together because the case—when the case was back in '73 I came to the courthouse after they let me out of York County. I came to the courthouse and asked them, did they have anything on me and they told me, no. That's the reason it's been a delay like this because I have been living in Dauphin County and residing here and that's why it's delayed. They just didn't pick me up.

"[Defense Counsel]: I understand that you have been living in Dauphin County. I also understand that you have at times used an alias.

"THE COURT: Sir, you understand that you are pleading guilty so that wouldn't make any difference, if you admit you did this. Is that correct?

"THE DEFENDANT: Right.

"THE COURT: What you are saying is, you haven't been trying to evade the law?

"THE DEFENDANT: No, I haven't.

"THE COURT: Well, that will be a factor. We will consider it at an appropriate time, certainly.

"THE DEFENDANT: Okay."

The colloquy continued with appellant's counsel explaining that appellant would waive his right to appeal all issues except the voluntariness of the plea, the legality of the sentence and the jurisdiction of the court. The court again explained the elements of the offense. Then the district attorney presented the testimony of various witnesses to further establish a factual basis for the plea. At the conclusion of the proceedings, the court accepted a guilty plea. On April 29, 1976, the court imposed a sentence of 4 to 10 years' imprisonment.

On July 14, 1976, appellant filed a *pro se* Post Conviction Hearing Act petition alleging incompetence of counsel for failing to pursue his speedy trial claim. The lower court appointed a public defender, not trial counsel, to represent appellant; but he did not file an amended P.C.H.A. petition. The Commonwealth answered appellant's petition on July 30, 1976. The lower court dismissed the petition without a hearing on that same day. This appeal followed.

Rule 1501, Pa.R.Crim.P.; 19 P.S. Appendix, prescribes the form for all P.C.H.A. petitions. Upon receipt of the P.C.H.A. petition, the court must appoint an attorney if the petitioner is indigent unless the petition involves issues already determined adversely to the petitioner after proceedings at which he was represented by counsel. Rules 1503 and 1504, Pa.R.Crim.P.; 19 P.S. Appendix. See *Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969); *Commonwealth v. Young,* 245 Pa.Super. 298, 369 A.2d 412 (1976). Our appellate courts have liberally construed *pro se* petitions especially when the petition is the first one filed by the appellant. *Commonwealth v. Fiero,* supra; *Commonwealth v. Young,* supra. Moreover, when appointed counsel files neither an amended petition nor a brief clarifying the issues and the court denies relief without a hearing:

"Our supreme court has stated that 'in this jurisdiction a first post-conviction hearing petition should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding, *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); (further citations omitted).' *Commonwealth v. Fiero,* 462 Pa. 409, 412, 341 A.2d 448, 449 (1975). . . . '[c]learly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.' *Id.* 462 Pa. at 413, 341 A.2d at 450." *Commonwealth v. Young,* supra, 245 Pa.Super. at 302, 369 A.2d at 414. When

the P.C.H.A. counsel takes no action and the petition is summarily dismissed, the appropriate remedy is to remand the petitioner for a new post-conviction hearing with directions that appointed counsel be given an opportunity to file an amended petition. *Commonwealth v. Young,* supra.

In the instant case, the record of the plea colloquy clearly indicates that appellant believed that he could not prepare a defense because of the three year delay in bringing his case to trial. Both appellant's pre-trial petition for writ of habeas corpus and his *pro se* P.C.H.A. petition assert that he attempted to determine whether the outstanding charges were still pending. He alleges that the Commonwealth delayed prosecuting the case. It is very clear that appellant promptly asserted his speedy trial right as soon as he learned that the charges were still pending.[6]

During the plea colloquy, the court told appellant that his contention would be given consideration at an appropriate time, apparently referring to sentencing. However, appellant alleges that he did not understand the court to mean that he waived his speedy trial claim and that he would not have entered a plea of guilty if counsel or the court had informed him that he could no longer present the speedy trial issue.

Because appointed counsel did not file an amended P.C.H.A. petition and because we do not have the benefit of an evidentiary hearing, it is impossible to determine whether appellant made a knowing, intelligent, and voluntary waiver of his right to be heard on his speedy trial claim. We cannot determine whether trial counsel discussed the possibility of pursuing such a claim or whether it was counsel's advice that such a claim not be pursued. We are, therefore, required to reverse the order dismissing appellant's P.C.H.A. petition and to remand the case to the lower court with instructions that counsel be appointed. Further, leave shall

6. We do not decide the merits of appellant's speedy trial claim. We note, however, that appellant has alleged facts, which, if true, would indicate that appellant had an arguably meritorious speedy trial claim. See note 4, supra.

be granted to allow counsel to file an amended P.C.H.A. petition.

The instant case presents one further difficulty. Counsel appointed to represent appellant at trial and at the P.C.H.A. hearing are both members of the Dauphin County Public Defender's Office. Because of the inherent conflict of loyalties to one's client on the one hand and to one's associates on the other, we cannot assume that P.C.H.A. counsel will fully explore the potential inadequacies of trial counsel's representation. Under similar circumstances, we have required that appointed counsel at the new P.C.H.A. hearing not be associated with the public defender's office. *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976). See also *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). Thus, on remand appellant may not be represented by a member of the Dauphin County Public Defender's Office.

Order reversed, and case remanded for a P.C.H.A. hearing consistent with this opinion.