375 A.2d 809

**COMMONWEALTH of Pennsylvania**

v.

**Lorenzo BEASLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided June 29, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, Assistant District Attorney, Lancaster, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

In January of 1973 a jury found appellant guilty of sodomy (two counts), assault and battery, assault with intent to maim, assault with intent to ravish, and burglary. On direct appeal, judgment of sentence was affirmed. *Commonwealth v. Beasley*, 229 Pa.Super. 180, 323 A.2d 840 (1974). On November 10, 1975, appellant filed a petition requesting relief under the Post Conviction Hearing Act,[1] alleging, *inter alia*, that he had been deprived of constitutionally effective assistance of counsel both at trial and on direct appeal. After appointing counsel to assist appellant, the lower court denied the petition without a hearing. This appeal is from that denial.

We decline to reach the merits of appellant's contention that a hearing should have been held on his petition. *See* 19 P.S. § 1180–9. We note that counsel appointed to assist appellant with his PCHA petition was from the Office of Lancaster County Public Defender. Both appellant's trial counsel and his appellate counsel were also from the Public Defender's Office. Since appellant's petition contained an allegation that his previous counsel had been ineffective, it was error for the court to appoint someone from the same office to aid appellant in pursuing that claim. *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976).

We therefore reverse and remand for appointment of counsel not a member of the office of the Public Defender.

---

1. Act of Jan. 25, 1966, P.L. 1580 (1965), § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (1976 Supp.)