378 A.2d 374

**COMMONWEALTH of Pennsylvania**

v.

**Frederick PROWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 6, 1977.

---

Frederic G. Antoun, Jr., and Marilyn C. Zilli, Assistant Public Defenders, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act[1] petition without a hearing. We agree and, therefore, vacate the order of the lower court and remand for a hearing.

On January 21, 1976, appellant was arrested and charged with criminal trespass[2] and burglary.[3] On May 25, 1976, appellant waived a jury trial, and the lower court found him guilty of criminal trespass. At the conclusion of the trial, and after a discussion with his counsel, appellant waived his right to appeal and chose to be sentenced immediately. Thus, appellant neither filed post-verdict motions nor appealed from the judgment of sentence. The court sentenced appellant to a term of imprisonment of six months to five years and to pay restitution of $12.

On August 17, 1976, appellant filed a *pro se* PCHA petition in which he raised several claims, including the ineffective assistance of trial counsel. On August 24, 1976, the lower court appointed new counsel[4] to represent appellant in his PCHA petition. Counsel did not file an amended petition or a brief to support appellant's contentions, or argue before the lower court. On September 27, 1976, the court dismissed appellant's petition without a hearing. This appeal followed.

Appellant contends that his PCHA petition was uncounselled and, therefore, we should reverse and remand for a hearing. In *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967), the Supreme Court held that § 12 of the PCHA imposes a mandatory requirement upon the trial

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq. effective March 1, 1966; 19 P.S. §§ 1180–1 et seq.

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3503.

3. The Crimes Code, supra; 18 Pa.C.S. § 3502.

4. The court-appointed PCHA counsel was a member of the Dauphin County Public Defender's Office as was appellant's trial counsel.

court to appoint counsel for an indigent, post-conviction petitioner. It further stated:

"We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 4.4, at 66 (1967): 'It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se.* . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.' " 427 Pa. at 397, 235 A.2d at 149.

Subsequently, in *Commonwealth v. Fiero,* 462 Pa. 409, 413, 341 A.2d 448, 450 (1975), the Court reaffirmed the holding in *Mitchell* and interpreted the above quoted language:

"Clearly this rule is not limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his representation.

"A review of this record reveals that the first petition was filed pro se and that after counsel's appointment there was no attempt to file an amended petition. Further, the petition was dismissed without an evidentiary hearing and the record is barren of any indication of oral argument before that decision was rendered or that counsel filed a brief to set forth the legal principles upon which his client relied. These facts compel the conclusion that the proceeding was in fact uncounseled. Under such circumstances the mandate of section 12 of the Post-Conviction Hearing Act as interpreted

by this Court has not been met. See, *Commonwealth v. Mitchell, supra* ; Pa.R.Crim.P. 1503, 1504."

Finally, in *Commonwealth v. Scott,* 469 Pa. 332, 365 A.2d 853 (filed November 24, 1976), the Supreme Court again reaffirmed the principles of *Mitchell* and *Fiero.* The Court held that it could not reach the merits of appellant's claims because his post-conviction proceedings were uncounselled. See also, *Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Younger,* 245 Pa.Super. 298, 369 A.2d 412 (1976).

■ In the instant case, appellant filed a pro se petition and counsel was appointed to represent him. Counsel failed to file an amended petition or a supporting brief or to present oral argument to the court.[5] This case is squarely controlled by *Commonwealth v. Fiero,* supra, which presented almost identical facts. We find that appellant's PCHA proceeding was, in fact, uncounselled.

■ Counsel appointed to represent appellant at trial and at the PCHA hearing are both members of the Dauphin County Public Defender's Office. Because of the inherent conflict of loyalties to one's client on the one hand and to one's associates on the other, we cannot assume that PCHA counsel will fully explore the potential inadequacies of trial counsel's representation. Under similar circumstances we have required that appointed counsel at the new PCHA hearing not be associated with the public defender's office. *Commonwealth v. Crowther,* 240 Pa.Super. 212, 361 A.2d 862 (1976). See also, *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). Thus, on remand appellant may not be represented by a member of the Dauphin County Public Defender's Office.[6]

5. Counsel did not certify to the lower court that he was prepared to proceed on the basis of appellant's *pro se* petition.

6. Support for this disposition is found in *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1977).

Accordingly, the order of the lower court is vacated and the matter is remanded to the lower court for a hearing and with instructions to permit appellant's new counsel to take whatever action is required to represent appellant effectively.

VAN der VOORT, J., files a concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

While I concur in the majority's remanding of this case to the lower court for hearing on appellant's P.C.H.A. petition, I must dissent to our prohibition of representation by a second member of the public defender's staff. I believe that the lower court fulfilled the mandate of the Act in appointing counsel, and I would not extend the *Crowther* and *Via* precept of counsel not on staff as a public defender to this situation, where a P.C.H.A. petition is begun and there is no immediate appreciation of a situation where second, P.C.H.A. counsel will be less than thorough out of a reluctance to find fault with his "brother" public defender. If such a conflict should arise at the hearing, the appropriate remedy can then be taken. But I am reluctant to join the majority of our Court in which I perceive to be a blanket rule of appointing P.C.H.A. counsel different from the public defender staff when one of its number represented the appellant theretofore. Without a clear showing that second counsel's hands would be tied in the performance of his duty by being placed in a position of having to allege errors by a member of his own "firm", I would not strip the office of public defender of this function and support a rule which surely removes all P.C.H.A. representation from it in cases where it has served as trial counsel.