444

378 A.2d 1019

COMMONWEALTH of Pennsylvania

v.

Richard Harrison CLARK, Appellant.

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Oct. 6, 1977.

Frederic G. Antoun, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This appeal is from denial of relief under the Post Conviction Hearing Act.[1] On March 20, 1974, a jury found appellant guilty of involuntary deviate sexual intercourse. He was sentenced to a term of imprisonment of ten to twenty years. No post-trial motions were submitted, and appellant failed to file a direct appeal. On August 26, 1976, appellant filed a PCHA petition alleging that he was denied his right to appeal and that he was deprived of effective assistance of counsel at trial. The lower court appointed counsel to assist appellant, but counsel did not file an amended petition. Following the Commonwealth's answer, the lower court dismissed appellant's petition without a hearing. This appeal followed.

We do not here reach the merits of appellant's contention that a hearing should have been held on his petition. Counsel appointed to assist appellant with his PCHA petition, and who is counsel on this appeal, is from the Office of the Public Defender of Dauphin County. Trial counsel, however, was also from the Public Defender's Office. In *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976), we held that it is error for a court to appoint counsel from the Public Defender's Office to assist a PCHA petitioner when one of his allegations is that a previous counsel from the same office was ineffective. *See also Commonwealth v. Sisak*, 249 Pa.Super. 159, 375 A.2d 808 (1977); *Commonwealth v. Beasley*, 249 Pa.Super. 162, 375 A.2d 809 (1977).

Accordingly, we reverse the order of the lower court denying appellant's petition and remand for appointment of counsel, not from the Office of the Public Defender of Dauphin County.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1977–78).