380 A.2d 909

**COMMONWEALTH of Pennsylvania**

v.

**Terry Clay FISHEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided Dec. 2, 1977.

536

Wiley P. Parker, Assistant Public Defender, Lebanon, for appellant.

George E. Christianson, District Attorney, Lebanon, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This appeal contests the lower court's refusal to allow amendment of appellant's PCHA petition.

On August 12, 1975, appellant pleaded guilty to two counts of forgery and was sentenced to two concurrent terms of two to four years. He took no direct appeal, although he was fully advised of his right to. On October

20, 1975, he filed an uncounseled PCHA petition, in which he alleged that his guilty plea had been unlawfully induced, and that he had access to after-discovered, exculpatory evidence. The lower court denied the petition without a hearing, holding that the guilty-plea colloquy fully ensured that the plea was voluntary; the court did not discuss appellant's after-discovered evidence claim.

On December 26, 1975, appellant filed a second PCHA petition raising again, in more detail that had the first petition, the claim of after-discovered evidence. Counsel was appointed to assist appellant, but he filed no amendments to the petition. At the hearing, counsel informed the court that appellant's hopes of presenting exculpatory evidence had been disappointed by a witness's decision not to testify. (The suggestion is that the witness's testimony would have inculpated him, while exculpating appellant.) Counsel then requested permission to amend the petition to include a claim that appellant's guilty plea had been induced by an involuntary or coerced confession. The court refused to permit the amendment, on the theory that appellant had waived the claim by not raising it in his first petition.[1]

Our Supreme Court has said: "Whatever may be the merits on the question of waiver . . ., a hearing court cannot summarily dispose of a petition, without counsel, on the ground of waiver." *Commonwealth v. Minnick*, 436 Pa. 42, 44, 258 A.2d 515, 516 (1969). Here, appellant's petition was summarily disposed of, for the hearing on it lasted only long enough for the court to announce that appellant's proffered claim had been waived. Moreover, although appellant had counsel at the hearing, counsel did nothing, either before the hearing by filing a brief or amendments to the petition, or at the hearing by arguing against waiver, to

1. In its Memorandum Opinion, the court also found that appellant's claim was frivolous because the circumstances of the confession, as narrated of record at the guilty plea proceedings, show that it was volunteered. However, it is circumstances *not* of record that appellant wishes to prove. That he may have difficulty in doing so does not militate against granting him the opportunity to try.

protect appellant from the dismissal of his petition on the ground of waiver.[2] When PCHA counsel takes no action and the petition is summarily dismissed, the appropriate remedy is to remand for a new post-conviction hearing with directions that counsel be given an opportunity to file an amended petition. *Commonwealth v. Singleton,* 248 Pa.Super. 46, 374 A.2d 1309 (1977); *Commonwealth v. Young,* 245 Pa.Super. 298, 369 A.2d 412 (1976).

On remand, several points should be observed. First, appellant's counsel will have to satisfy the court that appellant did not waive all his claims by his failure to take a direct appeal. On this point, *see Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977), *rev'g* 236 Pa.Super. 137, 344 A.2d 591 (1975). Second, since appellant indicated in his first PCHA petition that he did not want counsel appointed to assist him, he will have to show that his decision to forgo counsel was not knowing and intelligent; otherwise, all claims have been waived. *See Commonwealth v. Connor,* 462 Pa. 278, 341 A.2d 79 (1975). Finally, since appellant's counsel at the guilty plea proceeding was a Lebanon County Public Defender, and his ineffectiveness will be an element of appellant's claim,[3] counsel on remand may not be a member of the Public Defender's office. *Commonwealth v. Singleton, supra* ; *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976).

**2.** We do not necessarily blame appellant's counsel for his inaction. It appears that appellant's new claim was an afterthought on appellant's part, perhaps provoked by the last-minute evaporation of his after-discovered evidence claim. Nevertheless, since amendments to PCHA petitions are to be "freely allowed," 19 P.S. § 1180-7, appellant had the right to counsel's assistance in making an amendment; it is immaterial whether counsel's failure to assist was due to inaction or to lack of time.

**3.** To succeed on his claim that his guilty plea was the result of a coerced or involuntary confession, appellant will have to prove not only that his confession was constitutionally infirm, but also that his guilty plea was primarily motivated by the confession and that his counsel incompetently advised him to plead guilty rather than stand trial. *Commonwealth v. Marsh,* 460 Pa. 253, 333 A.2d 181 (1975).

Order reversed; case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., concurs in the result.