396 A.2d 7

COMMONWEALTH of Pennsylvania

v.

**Molvie BYRD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 21, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

LeRoy S. Zimmerman, District Attorney, Harrisburg, for Com., appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

Appellant contends that the lower court erred in denying his Post Conviction Hearing Act petition without a hearing.[1]

On October 9, 1973, appellant was tried by a jury and convicted of aggravated robbery. The court imposed a sentence of 8–20 years imprisonment. On appeal we affirmed. *Commonwealth v. Byrd*, 228 Pa.Super. 879, 322 A.2d 684 (1974). Both at trial and on appeal appellant was represented by the same public defender, who was a member of the staff of the Dauphin County Public Defender's Office.

On September 8, 1976, appellant filed a *pro se* PCHA petition, alleging ineffectiveness of counsel and requesting that new counsel be appointed to represent him on his PCHA petition. On September 10 the court appointed an attorney from the Dauphin County Public Defender's Office to represent appellant on his petition. On September 13 the Commonwealth answered the petition, and on September 17 the court denied it without a hearing. New counsel, not

1. Act of Jan. 25, 1966, P.L. 1580, §§ 1 *et seq.*; 19 P.S. §§ 1180–1 *et seq.* (Supp. 1977–78).

connected with the Public Defender's Office, was appointed to represent appellant on this appeal.

■ A PCHA petition "should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding." *Commonwealth v. Fiero,* 462 Pa. 409, 412, 341 A.2d 448, 450 (1975). *See Commonwealth v. Scott,* 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1977). In *Commonwealth v. Mitchell, supra,* the Supreme Court explained the reason for this rule:

> We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies, § 4.4, at 66 (1967): "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se.* . . . Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff." *Commonwealth v. Mitchell, supra,* 427 Pa. at 397, 235 A.2d at 148, 149.

Here the lower court found that appellant was indigent and did appoint an attorney to represent him on his PCHA petition. Mere appointment, however, is not enough. As the Supreme Court stated in *Commonwealth v. Fiero, supra,* "this rule [requiring appointment] is not limited to the mere naming of an attorney to represent an accused, *but also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by his*

*representation.*" 427 Pa. at 413, 341 A.2d at 450 (emphasis added).

■ In *Commonwealth v. Prowell, supra,* where appointed counsel had not filed an amended petition or a supplementary brief or presented oral argument, this court held that the appellant's *pro se* PCHA proceeding "was in fact uncounselled." Similarly here there was no amended petition, supplementary brief, or oral argument; nor was there any indication that appointed counsel certified to the court that he would proceed on the original petition. *See Commonwealth v. Prowell, supra.* Moreover, the short period of time between the appointment of counsel and the court's disposition of the matter—less than seven days—demonstrates that appointed counsel was not afforded an adequate opportunity to discharge his duty. See *Commonwealth v. Fiero, supra.* Accordingly, in the circumstances appellant's PCHA proceeding was "in fact uncounselled." *See Commonwealth v. Prowell, supra.* It was therefore error to dismiss the petition without a hearing.[2]

The order of the lower court is vacated and the matter is remanded for a hearing at which appellant should be repre-

2. Appellant also contends that the lower court acted improperly in appointing a public defender to represent him on his PCHA proceeding. The appointed defender was from the same office as appellant's trial counsel. Our Supreme Court has held that a "PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated." *Commonwealth v. Bundy,* 480 Pa. 543, 545, 391 A.2d 1018, 1020 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 477, 383 A.2d 199, 200 (1978). *See also Commonwealth v. Fishel,* 251 Pa.Super. 535, 380 A.2d 909 (1977); *Commonwealth v. Singleton,* 248 Pa.Super. 46, 374 A.2d 1309 (1977); *Commonwealth v. Clark,* 250 Pa.Super. 444, 378 A.2d 1019 (1977); *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976). The Commonwealth argues that there is no problem in this case because the allegedly ineffective attorney had retired from the public defender's office some eight months before the PCHA petition was filed. We do not reach the merits of this interesting question on this appeal. So that there may be no question of conflict of loyalty, however, we expect the lower court to refrain from appointing a public defender as PCHA counsel in this case. Appellant's present counsel, who is not connected with the Dauphin County Public Defender's Office, would seem to be a logical choice.

sented by appointed counsel, who shall take whatever action is required to represent appellant effectively.

HESTER, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the judgment and sentence of the court below.