476 A.2d 1351

## COMMONWEALTH of Pennsylvania

v.

## Terrance DAVIS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed June 1, 1984.

J. Richard Narvin, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

WICKERSHAM, Judge:

This is an appeal from the order entered in the Court of Common Pleas of Allegheny County, Criminal Division, denying appellant's first petition, *pro se*, for post conviction relief without a hearing and without appointment of counsel.

Appellant was arrested as a seventeen year old juvenile on February 22, 1978, and charged with multiple counts of robbery and aggravated assault. On March 2, 1978, a hearing on the Commonwealth's petition to certify the appellant for prosecution as an adult was heard by the Honorable R. Stanton Wettick, J. Judge Wettick certified the appellant for trial as an adult. Subsequently, the Commonwealth issued a thirty (30) count information charging the appellant with sixteen (16) counts of robbery, ten (10) counts of aggravated assault, three (3) counts of recklessly endangering another person and one (1) count of simple assault. The appellant then proceeded to six (6) jury trials before the Honorable Loran Lewis, J. Appellant was convicted of ten (10) counts of robbery, six (6) counts of aggravated assault, two (2) counts of recklessly endangering another person, and one (1) count of simple assault. Appellant was represented by the Public Defender's Office at all trials. Timely post trial motions were filed in all cases and denied by Judge Lewis without opinion on February 5, 1979. On February 14, 1979, the appellant was sentenced on all convictions to a total term of not less than twenty (20) years nor more than forty (40) years. Notice of appeal from the judgment of sentence was filed on March 12, 1979, and we affirmed the convictions. *Commonwealth v. Davis*, 286 Pa.Super. 479, 429 A.2d 40 (1981). The appellant then filed a *pro se* post conviction petition alleging the ineffectiveness of trial and appellate counsel.

Judge Lewis dismissed this petition, without appointment of counsel, on September 30, 1981. This appeal followed.[1]

In dismissing the *pro se* Post-Conviction Act petition, without a hearing and without appointment of counsel, Judge Lewis said:

> Presently before the Court is the above named petitioner's first Petition filed pursuant to the Post Conviction Hearing Act. Said Petition will be denied without a hearing and without appointment of counsel.
>
> Petitioner's claims for relief are very specific, to-wit:
>
> 1. After being certified by juvenile court to stand trial as an adult, he
>
> a) was denied the right to an arraignment and
>
> b) was not afforded a preliminary hearing.
>
> 2. He did not have bail set.
>
> 3. He was denied the right to counsel of his own choice.
>
> 4. He was not informed by counsel that the Superior Court denied his direct appeal; therefore, he could not file a timely request for review in the Supreme Court.

Lower ct. op. at 1.

In *Commonwealth v. Byrd*, 261 Pa.Super. 225, 396 A.2d 7 (1978), a case in which the lower court had denied appellant's Post Conviction Hearing Act petition without a hearing, but *with* appointment of counsel, Judge Spaeth (now President Judge) wrote:

> A PCHA petition "should not be dismissed where the petitioner is indigent and has requested counsel, without affording him representation in that proceeding." *Commonwealth v. Fiero*, 462 Pa. 409, 412, 341 A.2d 448, 450 (1975). *See Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967); *Commonwealth v. Prowell*, 249

---

1. In this appeal appellant raises the following issue:
   I. Whether the lower court erred in denying appellant's *pro se* post conviction petition without the appointment of counsel or hearing?
   Brief of Appellant at 6.

Pa.Super. 435, 378 A.2d 374 (1977). In *Commonwealth v. Mitchell, supra,* the Supreme Court explained the reason for this rule:

> We pause to note that the mandatory appointment requirement is a salutary one and best comports with efficient judicial administration and serious consideration of a prisoner's claims. Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies, § 4.4, at 66 (1967): "It is a waste of valuable judicial manpower and an inefficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed *pro se....* Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff."

*Commonwealth v. Mitchell, supra,* 427 Pa. at 397, 235 A.2d at 148, 149.

*Id.,* 261 Pa.Superior Ct. at 227, 396 A.2d at 8–9.

In similar fashion, in *Commonwealth v. Mawson,* 306 Pa.Super. 22, 451 A.2d 1371 (1982) (Opinion by Montemuro, J.) we considered an appeal where a court of common pleas had summarily denied appellant's petition for relief filed under the Post Conviction Hearing Act, without a hearing and without appointment of counsel. We said:

> We find the summary dismissal of appellant's PCHA petition without first appointing counsel to be error.
>
> In *Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969), our Supreme Court held that a PCHA petition cannot be summarily dismissed without appointment of counsel where waiver serves as the basis for denying relief. The rationale for this holding was explained as follows:

Whatever may be the merits on the question of waiver here, a hearing court cannot summarily dispose of a petition, without counsel, on the ground of waiver. Our rules provide for summary disposition only in cases where the issue has been determined against the petitioner, not where it has been waived because of petitioner's failure to raise the question for a determination.

The reasons for this rule are quite simple. The question of waiver is often a complicated legal one. There may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue. There may have been an intervening change in the law which will now entitle him to relief. And failure to raise an issue constitutes only a 'rebuttable presumption' of waiver. These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with. (Citations omitted). *Id.*, 436 Pa. at 45, 258 A.2d at 516–17.

Accordingly, the lower court's order is vacated and the case remanded with instructions to permit appellant to be represented by counsel in filing an amended PCHA petition.

*Id.*, 306 Pa.Superior Ct. at 24, 451 A.2d at 1372.

In *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980), our supreme court flatly held that:

As appellant alleged he was indigent and requested the appointment of counsel, the P.C.H.A. court erred in dismissing this (appellant's first) petition without a hearing without first appointing counsel to assist appellant in the proceedings.[2] *Commonwealth v. Scott*, 469 Pa. 381, 366 A.2d 225 (1976).

[2] Our Rules of Criminal Procedure relating to Post Conviction proceedings state:

"Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel

**326**

appointed or was represented by counsel in proceedings thereon." Pa.R.Crim.P. 1504.

*Id.*, 488 Pa. at 600, 413 A.2d at 387.

So too here, we find that the summary disposition of appellant's first Post Conviction Act petition without appointment of counsel and without a hearing is not sustainable. Accordingly, the lower court's order is vacated and the case remanded with instructions to permit appellant to be represented by counsel in filing an amended PCHA petition.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction is not retained.