411 A.2d 827

**COMMONWEALTH of Pennsylvania**

v.

**Leonard WOMACK, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Oct. 12, 1979.

---

David L. Pollack, Philadelphia, for appellant.

Denis P. Cohen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

496

PER CURIAM:

Appellant was arrested on June 17, 1974, and charged with Murder; Voluntary Manslaughter; Possession of Instrument of Crime—Generally; Possession of Instrument of Crime—Weapon; Prohibited Offensive Weapon; Carrying Firearms on Public Streets and Property, Without a License; Criminal Conspiracy; and Robbery. These charges arose out of a robbery in the Tasker Homes Project in Philadelphia from which a homicide resulted. Appellant was convicted on April 11, 1975, by a jury, of second degree murder as well as all other charges except that of Carrying Firearms on Public Streets or Property and Without a License. Boiler-plate post verdict motions were filed, however, prior to argument, trial counsel was excused because he had since been elected to the Philadelphia Municipal Court bench. New counsel was appointed to represent appellant, but no additional reasons for relief were ever filed. Argument was had on January 29, 1976, and all motions were thereafter denied. Appellant was sentenced to a life term with an additional concurrent term of fifteen to twenty-five years. Following the appointment of new appellate counsel, leave was granted by the Supreme Court, by order dated April 28, 1977, to appeal nunc pro tunc.

On appeal, for the first time, numerous trial errors are alleged. Appellate counsel is also questioning the ineffectiveness of both trial and post verdict motions counsel for their failure to adequately argue and preserve these issues below.[1]

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

1. Because appellant is represented by new appellate counsel, and he is alleging the ineffectiveness of both post verdict motions and trial counsel, he has preserved his contention on direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

"When counsel is appointed, it is his duty to examine the entire record for evidence of ineffective assistance, and to present to the court and his client any instances he uncovers." *Commonwealth v. Crowther*, 241 Pa.Super. 446, 448, 361 A.2d 861, 862 (1976).[2] Upon examining the record, we cannot determine if post verdict motions counsel did in fact review the trial record to determine if his predecessor provided effective assistance. We, therefore, find it necessary to vacate the judgments of sentence herein, and to remand for an evidentiary hearing on the effectiveness of post verdict motions counsel. Specifically, it must be determined if counsel did, in fact, review the trial proceedings, and if the decision not to file additional post verdict motions had some reasonable basis designed to effectuate appellant's interests. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

However, if there is a finding below that counsel was ineffective, then appellant is to be granted leave to file post verdict motions nunc pro tunc. At that time, any and all trial errors, which an independent examination of the record reveals, including those issues undecided in the instant appeal, can be presented initially to the lower court to properly provide it with the first opportunity for review. See *Twiggs*, supra.

Judgments of sentence vacated and cause remanded for proceedings consistent with this opinion.

2. The principle expressed in *Crowther* is not new law, and is, therefore, applicable to the instant case.