462 A.2d 238

COMMONWEALTH of Pennsylvania, Appellee,

v.

Leonard WOMACK, Appellant.

Supreme Court of Pennsylvania.

Submitted April 29, 1983.

Decided July 11, 1983.

David L. Pollack, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Garrold Tennis, Asst. Dist. Attys., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION OF THE COURT

PER CURIAM.

On April 11, 1975 a jury found appellant guilty of second degree murder, robbery, conspiracy, and related weapons offenses. This case is now before us on his direct appeal *nunc pro tunc* from his mandatory life sentence.[1] He asserts

1. The trial court denied post-verdict motions on May 15, 1976 and sentenced appellant to a mandatory life term with a concurrent twelve to twenty-five year term. Trial counsel filed boiler-plate post-verdict motions but he withdrew them prior to argument. New counsel argued the motions and presented no new grounds for relief. Common Pleas denied these motions. Following appointment of new appellate counsel, this Court granted leave to appeal *nunc pro tunc.* On appeal, appellant challenged the effectiveness of both trial counsel and post-verdict motions counsel. A special transfer panel of

the verdict was contrary to the law and against the weight of the evidence and that the trial court erred in admitting the preliminary testimony· of an "unavailable" Commonwealth witness. Appellant also contends trial counsel was ineffective for failing to object to the assistant district attorney's recusing himself and testifying in rebuttal of a key defense witness, intemperate and prejudicial remarks made by the assistant district attorney in his closing argument, and purportedly improper cross-examination by the Commonwealth of a defense witness and appellant. Finally, appellant contends trial counsel was ineffective for withdrawing a motion to suppress an exculpatory statement that he made to police, which was inconsistent with his trial testimony. We have reviewed these claims and find them without merit.

Accordingly, the judgments of sentence are affirmed.

Superior Court remanded for the trial court to determine whether post-verdict motions counsel was ineffective for failing to review the record to determine if his predecessor had provided effective assistance. *Commonwealth v. Womack,* 270 Pa.Superior Ct. 494, 411 A.2d 827 (1979). On remand from Superior Court, Common Pleas determined post-verdict motions counsel had not reviewed the notes of testimony prior to oral argument and, accordingly, granted appellant leave to file post-verdict motions *nunc pro tunc.* Appellant filed such motions which Common Pleas denied. This appeal is from the denial of those motions.