451 A.2d 1371
**COMMONWEALTH of Pennsylvania**

v.

**William R. MAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1981.

Filed Oct. 22, 1982.

---

R. James Kamage, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the court of common pleas, Luzerne County, summarily denying appellant's petition for relief filed under the Post Conviction Hearing Act[1] (PCHA).

On February 26, 1980, appellant entered a guilty plea to a charge of indecent exposure. Appellant was then sentenced to a term of one (1) to two (2) years imprisonment. Neither

1. Act of January 25, 1966, P.L. 1580 (1965) § 1 et seq. 19 P.S. § 1180–1 et seq., repealed § 2(a) [1397] of Act 1978, April 28 P.L. 202, No. 53, to take effect June 27, 1980, No. 41 § 1, to June 26, 1982.

a petition to withdraw his guilty plea nor a direct appeal to this court was filed by appellant. On May 5, 1980, appellant filed a *pro se* petition pursuant to the PCHA alleging that he was denied the effective assistance of counsel and generally attacking the validity of his guilty plea. The lower court found the issues raised by appellant were waived due to his failure to file a petition to withdraw the guilty plea or a direct appeal and summarily dismissed the petition. The lower court also denied appellant's request for counsel. We find the summary dismissal of appellant's PCHA petition without first appointing counsel to be error.

In *Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969), our Supreme Court held that a PCHA petition cannot be summarily dismissed without appointment of counsel where waiver serves as the basis for denying relief. The rationale for this holding was explained as follows:

Whatever may be the merits on the question of waiver here, a hearing court cannot summarily dispose of a petition, without counsel, on the ground of waiver. Our rules provide for summary disposition only in cases where the issue has been determined against the petitioner, not where it has been waived because of petitioner's failure to raise the question for a determination.

The reasons for this rule are quite simple. The question of waiver is often a complicated legal one. There may be 'extraordinary circumstances' which will justify petitioner's failure to raise the issue. There may have been an intervening change in the law which will now entitle him to relief. And failure to raise an issue constitutes only a 'rebuttable presumption' of waiver. These are not the kinds of issues which we can expect an uncounseled petitioner to adequately deal with. (Citations omitted). *Id.,* 436 Pa. at 45, 258 A.2d at 516–17.

Accordingly, the lower court's order is vacated and the case remanded with instructions to permit appellant to be represented by counsel in filing an amended PCHA petition.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction is not retained.