480 A.2d 291

**COMMONWEALTH of Pennsylvania**

v.

**Edward P. KALE, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed Aug. 10, 1984.

Petition for Allowance of Appeal

Denied April 16, 1985.

Bradford H. Charles, Lebanon, for appellant.

Robert W. Feeman, District Attorney, Lebanon, for Com. appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lebanon County. Appellant, Edward P. Kale, was found guilty after a jury trial of criminal attempt to commit burglary.[1] Post trial motions were filed and subsequently dismissed. On April 19, 1983, the Honorable Robert J. Eby sentenced appellant to serve a term of imprisonment of not less than three (3) to not more than ten (10) years. This timely appeal followed.

On appeal, appellant argues that: (1) the evidence was insufficient to support the verdict or, alternatively, the verdict was against the weight of the evidence; (2) his rights to counsel and due process were violated when he was represented at trial by an attorney whom he had previously alleged was incompetent; and (3) his trial coun-

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 901(a).

sel was ineffective. While we find appellant's first two issues to be meritless, we are unable to decide appellant's ineffectiveness claims on the record before us. Therefore, we must remand to the lower court for an evidentiary hearing on appellant's ineffectiveness claims.

Appellant first argues that the evidence was insufficient to support the verdict.

> To evaluate the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. *Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978).

*Commonwealth v. Frederick,* 327 Pa.Super. 199, 210, 475 A.2d 754, 760 (1984), *quoting Commonwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

Instantly, appellant was found guilty of attempting to burglarize a jewelry store. The lower court succinctly reviewed the evidence as follows:

> At trial, the testimony of the tenant who resided in the apartment above the jewelry store revealed that on two occasions early in the evening of December 20, 1981, the windows in the rear of the premises were intact (N.T. 17–18). At about 11:15 P.M. the witness heard glass breaking and called the police (N.T. 18). Upon the arrival of the police, she went downstairs to speak with them at which time she noticed that the upper window at the back of the jewelry store storeroom had been broken (N.T. 19).
>
> Upon investigation, the police discovered footprints in the snow which laid in the backyard of the premises. Pursuing those footprints they found the Defendant lying in the snow among the shrubs near a garage (N.T. 46).

Following the Defendant's arrest and transport to the police station, he was searched. The search produced a pair of leather gloves that contained glass fragments and wood splinters, and a pair of sneakers (N.T. 61–62). As part of their investigation, the police removed samples of glass and wood from the scene and forwarded everything to the State Police Crime Laboratory (N.T. 62, 72–74). Expert testimony was presented at the trial that chemical, refractive and microscopic analyses showed that the particles of glass and wood found in the Defendant's shoes and gloves were of the same materials and from the same sources as the samples taken from the scene by the police (N.T. 88–98).

Lower ct. op. at 2–3.

Appellant testified that he was hiding in the yard because some people were chasing him. He points out that the police testified that there were pry marks on the door, but that no burglary tools were found. He also notes that one of the officers testified that the window appeared to have been broken out prior to the night in question. If the window had been broken previously, appellant argues, then the glass particles on appellant's clothing tended to prove only that he, at some point in time, came into contact with the glass, not necessarily that he actually broke the window on the night in question. Thus, appellant contends that he was found guilty due to his mere presence at the scene and because he was hiding at the time the police found him. He contends that the verdict was based on conjecture and speculation and that the evidence was insufficient to support the verdict.

■■■ We disagree. Looking at the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, *Commonwealth v. Frederick, supra,* the evidence was sufficient to find appellant guilty of attempted burglary beyond a reasonable doubt. The Commonwealth's evidence established more than appellant's presence at the scene of the crime. First, the police found footprints in the snow that led from the scene of the

crime to where the appellant was hiding. Second, glass and wood fragments found in appellant's gloves and shoes matched the wood and glass from the broken window of the jewelry store. Also, while it is true that one of the officer's testified that the window may have been broken prior to the night in question, another witness testified that the window was definitely intact just a few hours before the incident. Any conflicts in the testimony presented issues of credibility. It is the province of the fact finder to pass upon the credibility of the witnesses. *Frederick, supra.* We believe that the evidence was sufficient to prove appellant guilty of attempted burglary beyond a reasonable doubt.

Appellant also contends that the verdict was against the weight of the evidence.

Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Taylor,* 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984) (citations omitted).

We have already reviewed the evidence at length, and we feel it is unnecessary to repeat it. After a careful review of the record, we agree with the lower court that the verdict was not against the weight of the evidence.

Appellant states the next issue as follows:

Whether [appellant] was not afforded his constitutional right to zealous and devoted counsel because [appellant] had previously declared his trial counsel incompetent in a separate criminal proceeding.

Brief for Appellant at 5.

Appellant was represented at trial by Joseph Mesics, Esquire. Mr. Mesics had previously represented appellant

in another matter, following which appellant filed a petition under the Post Conviction Hearing Act containing allegations that Mr. Mesics had been ineffective in his representation of appellant in that prior proceeding. At the time of trial in the instant case, the issue of Mr. Mesics' competency in that previous proceeding was still being litigated. Appellant contends that an attorney who is publicly declared incompetent by his client will not be able to subsequently zealously represent that client. Therefore, he asks us to hold that in each and every such case, a new attorney must be appointed. Brief for Appellant at 17.

We decline to take such a position. It is axiomatic that a criminal defendant is constitutionally entitled to the effective assistance of counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Under the circumstances of this case, however, we do not believe that appellant's right to counsel was violated in this regard. Appellant does not assert that his counsel failed to zealously represent him [2] or that his assertion of Mr. Mesics' incompetency in a prior proceeding set the attorney at odds with his client. In fact, appellant does not urge this court to examine the effect of the allegation of prior incompetency on Mr. Mesics' attitude toward appellant. Rather, appellant asks us to create a *per se* rule requiring the appointment of new counsel in all such cases. We do not believe such a rule is appropriate. An attorney cannot be automatically deemed unfit to represent a particular client merely because that client has questioned his competency in a prior proceeding.

The cases cited by appellant are inapposite. In *Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1977), we held that a defendant may not be represented in a PCHA hearing by a public defender from the same office as the trial counsel who defendant has alleged was incompe-

---

**2.** Of course, we recognize that appellant has asserted two claims of incompetency against Mr. Mesics in the case at bar. These will be discussed, *infra.* Besides these issues, however, appellant fails to show that Mr. Mesics failed to vigorously defend him or otherwise represent him to the best of his ability.

tent. In *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978) and *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978), the Pennsylvania Supreme Court held that when an appellant raising a claim of ineffectiveness of counsel is represented on appeal by that same counsel, we should entertain the claim only if reversible error is apparent on the record. If the claim is not apparent on the face of the record, then we must remand for appointment of new counsel not associated with the allegedly ineffective counsel. Appellant contends that the rationale behind these cases is that an attorney who has been publicly chastised by a client will not quickly come to the aid of that client. We disagree. Appellant fails to recognize that the cases he relies upon all deal with allegations of ineffectiveness in a prior segment of the *same case*, whereas instantly, appellant has asserted his counsel's ineffectiveness in a *prior case*. The rationale behind the cited cases is that an attorney, or an associate of that attorney, would not be likely to zealously argue *his own* incompetency. This reasoning is not applicable to the instant case. Mr. Mesics' representation of appellant in the case at bar is unrelated to his representation of appellant in the prior proceeding. Mr. Mesics was not attempting to argue his own incompetency during the instant trial. Without a showing that counsel failed to assert a possible defense or that counsel did not vigorously defend appellant,[3] we will not hold that appellant's rights to counsel and due process were automatically violated under the circumstances of this case.

■ Finally, appellant asserts that trial counsel was ineffective in two respects: (1) counsel failed to request that

---

**3.** As the lower court pointed out, appellant failed to indicate that he was dissatisfied with Mr. Mesics' representation. Following the recording of the jury's verdict and the recitation of the appellant's post trial rights, the following colloquy took place:

[THE COURT]: Mr. Kale, I would ask you, are you satisfied with the services of Mr. Mesics?
THE DEFENDANT: Yes.
THE COURT: Do you have any complaint about him, or his representation of you?
THE DEFENDANT: No.
N.T. at 135.

the court charge the jury that mere presence at the scene and flight upon the arrival of the police is not sufficient to support a conviction; and (2) counsel failed to request that the Commonwealth's witnesses be sequestered.

Since the evidence against appellant is circumstantial and since the resolution of many of the issues turns on the credibility of the witnesses, we believe that appellant's ineffectiveness claims may have arguable merit. We cannot decide these issues on the record before us. Therefore, we must remand for an evidentiary hearing on appellant's ineffectiveness claims.

Affirmed in part and reversed in part and remanded to the lower court for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.