579 A.2d 942

COMMONWEALTH of Pennsylvania

v.

**Sohrab BAGARI, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1990.

Filed Aug. 29, 1990.

Victor A. Neubaum, Jr., York, for appellant.

Gerald A. Lord, Asst. Dist. Atty., York, for the Com., appellee.

Before WIEAND, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

Appellant, Sohrab Baghari, was convicted after jury trial of the crime of Bad Checks, 18 Pa.C.S.A. § 4105. This offense is defined as the issuing or passing of a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

In the instant case, Appellant authorized his agent, a certain Mr. Omidi, to deliver a check for the sum of twenty-three thousand dollars ($23,000.00) to Diehl Motor Co., Inc., [Diehl] on August 15, 1988, in payment for a 1987 Mere-

cedes–Benz 190–E. It is this check which was subsequently dishonored.

Appellant is the owner of Royal Motors, Inc., a Virginia wholesale automobile business now in bankruptcy. Mr. Baghari had previously signed the check in blank, and had given it to Mr. Omidi to deliver to Diehl in York, Pennsylvania. Before delivering the check on August 15, Mr. Omidi called Appellant from the offices of Diehl, and was told by Appellant that he was authorized to complete the check for the agreed amount and to deliver it to Diehl. Mr. Omidi then took the automobile from Diehl.

The check, upon deposit by Diehl, was returned by the bank because of insufficient funds. On September 2, 1988, a representative of Diehl called Appellant and informed him that the check had been dishonored. Appellant advised Diehl to re-deposit the check, but it was dishonored a second time. On September 20, 1988, Diehl sent a letter to Appellant advising him of the check's dishonor and demanding payment within ten days. The payment was never made.

The bookkeeper for Appellant testified that he routinely checked the bank balances at Appellant's request to determine if there were sufficient funds to cover checks that were written from time to time. According to the testimony presented at trial, on the day in question, Mr. Baghari inquired of the firm's bank balance, and was told by the bookkeeper that the account was approximately ten thousand dollars short of the amount to cover the check to Diehl. The bookkeeper further testified that Appellant procured a loan for ten thousand dollars and that it was deposited in the firm's bank account on the same day. Appellant did not come forward with any bank records or deposit slips confirming that this loan was in fact deposited in the relevant account, nor did he explain why the check was dishonored by the bank despite his own testimony that he borrowed the required funds from a source from whom he had procured short term loans in the past, and had deposited these funds in his account with the understanding that he would be given immediate credit for the deposit.

He admits that he knew shortly thereafter that the check had been dishonored, and that he intended to make the check good. However, a short time later the firm went into bankruptcy.

Appellant claims on appeal that the verdict was against the weight of the evidence because the commonwealth failed to prove beyond a reasonable doubt that he knew at the time the check was passed that the check would not be honored by the bank. Although, this claim is framed as a "weight of the evidence" argument, it encompasses three contentions: 1) the trial court erred in stating the elements of the offense of Bad Checks; 2) having misstated the standard, the Commonwealth failed to provide sufficient evidence to prove the elements of the offense, and 3) the verdict was against the weight of the evidence because Appellant had a reasonable expectation to believe, and did believe that the check would be honored, and because the statutory presumption of present knowledge does not provide proof beyond a reasonable doubt in the face of the evidence produced by Appellant.

Appellant first claims that the trial court erred in failing to distinguish the key element of the offense of bad checks, which is present knowledge that the check "will not be honored by the drawee." 18 Pa.C.S.A. § 4105(a)(1). This element of the offense, he states, is different from knowledge by the maker of the check that he does not have sufficient funds to cover the check at the time the check passes. This was an element of the prior law, Section 854 of the Penal Code of 1939, 18 P.S. § 4854, which made it a crime for a person, with intent to defraud, to issue a check knowing that he does not have sufficient funds in the bank to cover the check.

Although there is some evidence in the trial court's opinion, that it was relying on the earlier definition of the offense, the record clearly reveals that the court correctly explained the elements of the offense of bad checks to the jury, and clearly stated that the Commonwealth must prove beyond a reasonable doubt that the "defendant knew that

the check would not be honored by the bank upon which it was drawn." (N.T. May 15, 1989 at 74.)

In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. *Commonwealth v. Kale*, 331 Pa.Super. 155, 480 A.2d 291, 292 (1984). The credibility of the witnesses is a matter within the province of the trier of fact, which is free to believe all, some, or none of the evidence. *Commonwealth v. Smith*, 502 Pa. 600, 467 A.2d 1120, 1122 (1983). We are required to determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Kale, supra.* We find that there was sufficient evidence presented by the Commonwealth to prove that Appellant was guilty beyond a reasonable doubt. Appellant admits that he delivered the check and that it was not honored, and the only issue to be resolved was whether Appellant knew at the time of issuance that the check would not be honored. Although the defense provided testimony that an attempt was made to cover the check by making a deposit on the day the check was delivered, there were no records produced to support this testimony, and no reasons given why, if Appellant did in fact deposit the requisite ten thousand dollars ($10,000), the check was dishonored a second time after Appellant advised Diehl to re-deposit it. As the credibility of the witnesses providing this testimony is determined by the jury, they were free to disbelieve that the loan covering the check had ever been deposited.

The questions going to the weight of the evidence concern Appellant's knowledge or belief whether the check would be honored. As it is difficult to prove this knowledge or belief, the statute provides that this knowledge may be presumed if payment on a check is refused by the bank for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal. 18 Pa.C.S.A. § 4105. As the Commonwealth proved all the elements of this presumption, by

the evidence of the twice dishonored check, the jury was free to presume knowledge unless rebutted.

This presumption is rebuttable by evidence presented by the defense, and in the case *Commonwealth v. Frank*, 322 Pa.Super. 6, 468 A.2d 1131 (1983), we held that the trial court erred in failing to find that the presumption had been rebutted although there was documentary and testimonial evidence from the bank officers that a banking error caused the misrouting of another check which would have covered the payment of the dishonored check.

Such is not the case here. There was no documentary evidence of the deposit or of the ten thousand dollar ($10,-000) loan. Nor was there testimonial evidence from the bank concerning the financial arrangements that Appellant claimed existed, allowing for immediate credit for his deposits. The jury was within its authority in not accepting Appellant's testimony regarding the deposit, the loan, or the financial arrangement with the bank, *Id., citing, Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975), and therefore we hold that the presumption of knowledge was not rebutted. Contrary to Appellant's claim, therefore, the verdict was not against the weight of the evidence such that it was unreasonable to find that Appellant knew that the check would be dishonored at the time it was issued.

█ Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and it will not be reversed on appeal unless there has been an abuse of discretion. *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984). Finding no such abuse of discretion, we affirm the judgment of sentence.