660 A.2d 1347

**COMMONWEALTH of Pennsylvania,**

v.

**Dennis P. DUNKEL, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1995.

Filed June 16, 1995.

Hugh C. Clark, Philadelphia, for appellant.

Michael A. O'Pake, Asst. Dist. Atty., Pottsville, for the Com., appellee.

Before DEL SOLE, BECK and CERCONE, JJ.

DEL SOLE, Judge:

This appeal follows a jury's pronouncement of guilt on charges of Theft by Deception and Securing Execution of Documents By Deception and the sentence subsequently entered. The sole question presented is whether the trial court erred in denying Appellant's request to proceed in forma pauperis and refusing to have court appointed counsel for Appellant during his trial. Since we conclude that Appellant was wrongly denied representation, we vacate his Judgment of Sentence and remand for the appointment of counsel and order a new trial.

The underlying action was initiated as a result of a private criminal complaint filed by Appellant's father. The District Attorney's Office approved the complaint and Appellant was charged with two crimes resulting from what was alleged to be the wrongful withdrawal of $25,500.00 from his father's bank account. The withdrawals took place after Appellant presented to the bank a signed general power of attorney, which Appellant's father asserts was obtained under false pretenses. The father maintained that he was presented with the legal document while he was ill in the hospital and that Appellant concealed language in the document pertaining to the general power of attorney and had him view only hand written language regarding a pending custody action. Appellant defended the charges by arguing that he withdrew the money at his father's request and gave the money to his father in the hospital room. Prior to filing the Complaint Appellant's father retained Mr. Harry A. Rubright, Esquire who wrote to Appellant requesting a return on all money received as a result of the execution of the General Power of Attorney.

68

Appellant applied for legal representation by the Office of the Public Defender of Schuykill County. Attorney Rubright was also the Chief Public Defender for Schuykill County. Despite Appellant's claim that he was unemployed, receiving food stamps and about to file for bankruptcy, Mr. Rubright informed Appellant that he was not entitled to the services of a public defender. Appellant filed a pro se motion for court-appointed counsel and a request to proceed in forma pauperis, after which the court scheduled a hearing. At the hearing Appellant's father testified regarding the missing money and the fact that the bank documents demonstrated to him that Appellant withdrew the funds from his account. Mr. Rubright also testified. He advised the court that he denied Appellant the service of a Public Defender for the following reason:

I had personal knowledge from Community Banks of a transaction that Mr. Dunkel had been involved in wherein he received a cash distribution through a recorded Federal Currency Transport Report on 2–26–93 where Community Banks delivered to Mr. Dunkel $20,500.00 in cash. Mr. Dunkel failed to disclose any of that information on his application, and we denied him for financial reasons.

N.T. 8–26–93 at 39.

At the hearing Appellant testified that he was unemployed and he owned no real or personal property with the exception of a 1988 automobile on which he owes "more than what it is worth." After receipt of the testimony, the court entered an order denying Appellant's requests and requiring him to proceed to trial without court appointed counsel, or stand-by counsel. In making this decision the court reasoned that absent any denial from Appellant to receipt of the monies and explanation for how or where they were expended it was "constrained to believe the testimony of George Dunkel and Attorney Rubright without qualification." Because it concluded that Appellant was the recent recipient of $25,500.00 the court determined that he had a sum sufficient to enable him to hire counsel.

The error with the trial court's analysis is that it premises a conclusion based on the ultimate issue in the underlying case.

The trial court maintained that it had not passed upon the question of whether or not the withdrawals were authorized or whether Appellant intended to permanently deprive the owner of the funds, but the court did necessarily conclude that Appellant had possession of the funds and retained possession of the funds. The conclusion is based upon the court's determination of the two witnesses' credibility, one of whom was the victim in the case and another, who at one time represented the victim with respect to this matter and who was also acting as Chief Public Defender. The conflicts here are evident and it is clear that the court's decision that Appellant had the funds necessary to employ his own counsel was premised upon a finding that Appellant had in fact retained control and possession of the $25,500.00, the theft of which he was required to defend in the upcoming action.

It is well known that an accused has a constitutional right to assistance of counsel for defense in all criminal prosecutions. *Commonwealth v. Kale*, 331 Pa.Super. 155, 480 A.2d 291 (1984). Where a defendant cannot afford counsel, one is to be appointed for him. Here the court did not rule that Appellant possessed any funds independent of the $25,-500.00 he was accused of taking from his father. Because the question of whether he took the money and whether he retains possession and control over it is the issue to be decided at trial, it was inappropriate for the court to deny his request on that basis. For this reason we find it necessary for Appellant to be awarded a new trial at which he can be represented by court appointed counsel. We add that it would be inappropriate in this case for court appointed counsel to come from the public defender's office since chief counsel from that office has a conflict of interest in this case. Mr. Rubright not only represented the victim in this case prior to charges being filed, but he also testified against Appellant based upon his "personal knowledge" during the hearing. Therefore, it would be improper for him or a member of his staff to undertake the Appellant's defense in this action. Accordingly, we remand this matter to the trial court for proceedings consistent with this opinion.

Judgment of Sentence vacated. Case remanded for appointment of counsel and new trial. Jurisdiction relinquished.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I concur in the result. The majority states "[t]he error with the trial court's analysis is that it premises a conclusion on the ultimate issue in the underlying case," that appellant had possession and retained possession of the funds. I do not find that the court erred in engaging in that line of inquiry in its attempt to answer the question before it.

The procedural posture of the case was a pre-trial In Forma Pauperis (IFP) determination as to whether the appellant was indigent and entitled to the appointment of counsel. The evidence adduced at this hearing was independent of the trial itself. The IFP hearing did not compromise the Commonwealth's burden of proving at trial appellant's guilt by introducing evidence to prove each element of the crime beyond a reasonable doubt. At trial the Commonwealth could not rely on evidence adduced at the IFP hearing. A well-reasoned Third Circuit opinion, *United States v. Pavelko*, 992 F.2d 32 (3d Cir.1993), holds that the "government should not be permitted to use as part of its direct case any testimony given by a defendant at a hearing where he is seeking forma pauperis relief or the assignment of counsel on the ground of his financial inability to ... secure counsel." *Id.* at 34 (quoting *United States v. Branker*, 418 F.2d 378 (2d Cir.1969)). The rationale of the *Pavelko* court was that it was impermissible to make the defendant choose "between the privilege of self incrimination and the right to court-appointed counsel." *Id.* I therefore disagree with the majority that a remand is necessary because the IFP hearing drew a conclusion on the ultimate issue to be decided at trial.

The basis for my remand, therefore, differs from the majority's. My rationale is that the record reveals that the IFP hearing was totally inadequate under the standard established

in *Commonwealth v. Brown*, 327 Pa.Super. 505, 476 A.2d 381 (1984).

Because appellant proceeded to trial without counsel based on the court's failure adequately to inquire into his IFP status, I would grant a new trial. I would also remand for a new IFP hearing to determine if appellant at his retrial is entitled to counsel.[1]

1. I point out the law's strong mandate that at trial a criminal defendant be represented by counsel. The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defense." U.S. Const.Amend. VI. An accused unable to afford counsel has the right to have counsel appointed for him. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This right extends to everyone charged with an offense punishable by imprisonment, *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and is binding upon the states, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).