J. S38004/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARRELL LANDERS, | : | No. 1217 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 14, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. 51-CR-0003725-2011

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 21, 2014**

Following a jury trial, Darrell Landers was found guilty of possession with intent to deliver a controlled substance and possession of a controlled substance.  Herein, he appeals the promptness of his trial, the sufficiency and weight of the evidence, and the discretionary aspects of his sentence. No relief is due.

The facts, as summarized by the Honorable Earl W. Trent, Jr., are as follows:

> The Commonwealth presented evidence of an investigation involving suspected narcotics activity and the observation of a narcotics transaction. Police Officer Robert Montague, badge number 6480, testified regarding his role in a narcotics investigation on November 11, 2010.  N.T. 1/29/13 at 9.   Officer Montague conducted narcotics surveillance in the area of 5000 Griscom Street.  *Id.* at 12.    At approximately 11:20 a.m., Officer

Montague, from a distance of approximately half a block, observed Appellant standing outside of 5022 Griscom Street. *Id.* at 12, 15. At approximately 11:50 a.m., a white male, later identified as Robert Kleinfelder, approached Appellant. *Id.* After a brief conversation, Mr. Kleinfelder handed Appellant an undetermined amount of United States currency. *Id.* at 13. After receiving the currency, Appellant walked up steps in between 5022 and 5024 Griscom Street and returned to Mr. Kleinfelder a few seconds later. *Id.* Appellant was out of Officer Montague's view upon ascending the steps. N.T. 1/29/13 at 16. Appellant then handed small objects to Mr. Kleinfelder, who accepted them and walked northbound on Griscom Street. *Id.* Officer Montague put out flash information to fellow officers pertaining to Mr. Kleinfelder. *Id.* at 17. Officer Sean Kennelly, badge number 3221, responded to the flash information and stopped Mr. Kleinfelder once he appeared to be out of the seller's view. *Id.* at 43, 45. Recovered from Mr. Kleinfelder were two packets, one yellow and one clear, containing marijuana. *Id.* at 44, 64.

At approximately 12:15 p.m., a white female, later identified as Catherine Price, approached Appellant, who was standing outside the same property. N.T. 1/29/13 at 17. Their interaction mirrored that of Appellant and Mr. Kleinfelder. Ms. Price handed Appellant an undetermined amount of United States currency. *Id.* at 17-18. Appellant walked up the same steps for a few seconds, returned and handed Ms. Price small objects. *Id.* at 18. Upon receiving the objects, Ms. Price walked southbound on Griscom Street. *Id.* Officer Montague again put out flash information to fellow officers, this time regarding Ms. Price. *Id.* Officer Andre Hudgens, badge number 7402, responded to the flash information provided by Officer Montague. *Id.* at 53. Officer Hudgens stopped Ms. Price on Griscom Street and recovered one purple tinted packet containing crack cocaine from her left hand. N.T. 1/29/13 at 53, 65.

> At approximately 12:35 p.m., Appellant proceeded to walk northbound at which time Officer Montague put out flash information to have him stopped. *Id.* at 19. Officer Thomas Fitzgerald, badge number 4698, received a radio call regarding Appellant and subsequently stopped him on the 5000 block of Griscom Street. *Id.* at 38. Recovered from Appellant was $49 United States currency. *Id.*

Trial court opinion, 11/5/13 at 1-3.

On January 28, 2013, appellant proceeded to a jury trial and was convicted of the aforementioned crimes. On March 14, 2013, the court denied appellant's oral post-verdict motion challenging the weight of the evidence,[1] and he was sentenced to an aggregate term of one to two years' incarceration to be followed by three years' reporting probation.[2] On March 19, 2013, appellant filed a motion to modify sentence; the motion was denied by order of court the same day. (Docket #4.) This timely appeal followed.

The following issues have been presented for our review:

> A. The trial court abused its discretion by denying Appellant's *Motion to Dismiss* where the Commonwealth was not ready to commence trial until 29 days after the adjusted run date.
>
> B. The evidence was insufficient to enable the jury to find that Appellant possessed contraband beyond a reasonable doubt.

---

[1] *See* notes of testimony, 3/14/13 at 3-4.

[2] Appellant was found eligible for the Commonwealth's Recidivism Risk Reduction Incentive Program.

  C. Appellant is entitled to a new trial because the trial court abused its discretion by denying Appellant's motion that the verdict was against the weight of the evidence.

  D. Appellant's sentence should be vacated because the trial court abused its discretion by sentencing Appellant to one-to-two years where the standard sentencing range was three-to-twelve months.

Appellant's brief at ii.

  Appellant first asserts that the trial court abused its discretion by denying appellant's motion to dismiss pursuant to the speedy trial rule, Pa.R.Crim.P., Rule 600, 42 Pa.C.S.A.  We note with dismay that the trial court failed to make any specific findings at the hearing on this motion, or in its Rule 1925(a) opinion.  Nevertheless, our review of the record indicates that Rule 600 was not violated.

    Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion.  Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court.  We must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Robbins***, 900 A.2d 413, 415 (Pa.Super. 2006), ***appeal denied***, 907 A.2d 1102 (Pa. 2006).

  Charges may only be dismissed under Rule 600 where a defendant on bail is not brought to trial within 365 days of the date on which the criminal complaint against him was filed.  ***See Commonwealth v. Dixon***, 907 A.2d 468, 476 (Pa. 2006); ***see also*** Pa.R.Crim.P., Rule 600(A)(3) (trial "shall

commence not later than 365 days from the date on which the complaint is filed."). However, Rule 600 also provides for the exclusion of certain time from its calculation. Subtracting excluded time results in an adjusted run date, and if trial commences before the adjusted run date, there is no violation of the rule. **Commonwealth v. Tickel**, 2 A.3d 1229, 1233 (Pa.Super. 2010), **appeal denied**, 23 A.3d 541 (Pa. 2011). In calculating the Rule 600 run date, certain periods must be excluded including "delay at any stage of the proceedings as results from the unavailability of the defendant . . . or any continuance granted at the request of the defendant." Rule 600(C)(3). Additionally, the run date may be extended by "excusable delay"; that is, delays that "occur as a result of circumstances beyond the Commonwealth's control and despite due diligence." **Commonwealth v. Brown**, 875 A.2d 1128, 1135 (Pa.Super. 2005), **appeal denied**, 891 A.2d 729 (Pa. 2005).

Appellant was arrested on November 11, 2010, and the complaint was filed the following day. Thus, the mechanical run date was Monday, November 14, 2011, as November 12, 2011, fell on a Saturday.[3] **See** 1 Pa.C.S.A. § 1908. Appellant's trial commenced on January 28, 2013. However, accounting for both excludable and excusable delays, an

---

[3] We note that appellant and the Commonwealth have failed to observe that November 12, 2011 was a Saturday. (**See** appellant's brief at 19; Commonwealth's brief at 11.)

examination of the record reveals the Commonwealth was duly diligent and brought appellant to trial before the adjusted run date.

Reviewing the parties' briefs and the scant argument made at the hearing before trial on January 29, 2013, we note the Commonwealth concedes that the time period of November 30, 2010, to January 25, 2011, constitutes a 56-day delay chargeable to the Commonwealth. (Commonwealth's brief at 11-12.) On November 30, 2010, the police officer was not present for the preliminary hearing due to an illness, and the police laboratory had not provided a seizure analysis. The Commonwealth also accepts responsibility for a 65-day delay. (*Id.* at 12.) On January 25, 2011, the preliminary hearing was continued because the laboratory still had not provided the seizure analysis.

On March 31, 2011, 139 days after the filing of the complaint, a preliminary hearing was held and appellant was held for court on all charges. The case was continued to April 21, 2011, for the provision of discovery. Subsequently, the case was scheduled for trial for May 18, 2011; 187 days had elapsed since the filing of the complaint. The Commonwealth presented a plea offer which appellant rejected, and the docket indicates that the trial court set the date of June 16, 2011, by an order granting a motion for a continuance, but the record is silent as to who made the motion.[4] However,

---

[4] If the motion was made by the defense, the ensuing 29-day period would have been excludable. **Commonwealth v. Hill**, 736 A.2d 588, 591 n.9 (Pa. 1999).

even assuming that the motion was made by the Commonwealth, only 216 days had elapsed since the filing of the complaint by the June 16, 2011 listing.

On June 16, 2011, appellant requested a jury trial, which resulted in a 235-day delay as the next date for which the case was listed for trial was February 6, 2012. Such time is excludable as the Commonwealth was duly diligent during that period, and appellant requested a jury trial necessitating reassigning the case to another judge. In the alternative, this time was clearly excusable as scheduling matters are beyond the control of the Commonwealth. *Commonwealth v. Ramos*, 936 A.2d 1097, 1104 (Pa.Super. 2007), *appeal denied*, 948 A.2d 803 (Pa. 2008). Thus, the adjusted run date was advanced 235 days from the mechanical run date of November 14, 2011, giving the Commonwealth until Friday, July 6, 2012, to try appellant.

Thereafter, appellant concedes that the next time period was excludable; specifically, the 203-day period between February 6, 2012, to August 27, 2012, as the trial court granted a joint request for a continuance. *See Commonwealth v. Hunt*, 858 A.2d 1234, 1243 (Pa.Super. 2004) (*en banc*), *appeal denied*, 875 A.2d 1073 (Pa. 2005) (joint requests for a continuance are excludable). This excludable time adjusted the run date to Friday, January 25, 2013.

The docket indicates that on May 23, 2012, trial was scheduled for September 4, 2012. However, on September 4, 2012, when the trial was scheduled to begin, one of the Commonwealth's police witnesses was unavailable due to an injury sustained while on duty. The court granted a 78-day continuance to November 13, 2012. Appellant does not challenge this time-period, and the adjusted run date was again advanced to Monday, April 15, 2013, as April 13, 2013, was a Saturday.

By the November 13, 2013 listing, the parties again made a joint request for a 76-day continuance to January 28, 2013, the date appellant's trial actually began. Again, as joint requests are excludable, appellant does not challenge this 76-day period, which set the adjusted run date to July 1, 2013, as June 30, 2013, fell on a Sunday.

Clearly, the Commonwealth complied with Rule 600 as appellant was tried on January 28, 2013. Appellant was brought to trial within the Rule 600 period, and trial counsel had no reason for filing a Rule 600 motion.

Next, appellant claims the evidence was insufficient to enable the jury to find he possessed the contraband beyond a reasonable doubt. When addressing a claim that the evidence was not sufficient to sustain the verdict, we must determine whether, viewing all the evidence admitted at trial and all reasonable inferences therefrom in a light most favorable to the Commonwealth as the verdict winner, the trier of fact could conclude that all

of the elements of the offense were established beyond a reasonable doubt. *Commonwealth v. Bardo*, 709 A.2d 871, 876-877 (Pa. 1998). The credibility of witnesses is within the province of the trier of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Bagari*, 579 A.2d 942, 944-945 (Pa.Super. 1990).

In the instant case, we have thoroughly reviewed the evidence adduced at trial. Viewing that evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to sustain the verdicts. We rely on the well-reasoned opinion of the trial court in support of our decision to affirm on this issue. (Trial court opinion, 11/5/13 at 4-6.)

Appellant also argues that the verdict was against the weight of the evidence.

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the

weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in the original) (citations omitted).

In the instant case, the trial court rejected appellant's claim. The trial court reasoned as follows:

Appellant pointed to the lack of drugs recovered from either his person or immediate area. N.T. 3/14/2013 at 4. Appellant's argument hinges upon the dubious premise that a PWID conviction cannot be sustained as to sales which exhaust the seller's stash. Officer Montague detailed two transactions during which Appellant maintained his position. N.T. 1/29/13 at 13-18. After the conclusion of the second transaction, Appellant was observed leaving the location. ***Id.*** at 19. Considering that the officers' testimony did not demonstrate that Appellant's supply was recently replenished, the jury may have reasonably interpreted the abandonment of his position and the lack of narcotics recovered from Appellant as consistent with the tactic of selling from a finite stash of narcotics, possibly until depletion.

The jury reasonably accepted police testimony detailing Appellant's perceived execution of narcotics

- 10 -

> sales, and attached significant weight thereto. The recovery of narcotics from the suspected buyers may have been viewed as corroborating the officers' testimony. Furthermore, the jury may have determined that the cash recovered from Appellant constituted the proceeds of the previously observed sales. The jury's findings of fact, based largely upon the officers' testimony, are certainly not shocking to one's sense of justice.

Trial court opinion, 11/5/13 at 7. After reviewing the record, and deferring to the trial court's determination of credibility, we conclude that the trial court did not abuse its discretion in finding the verdicts were not against the weight of the evidence.

Finally, appellant challenges the discretionary aspects of his sentence. Prior to addressing this issue, we must first determine if his claim is properly before us.

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f). "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa.Super. 2006), *appeal denied*, 940 A.2d 363 (Pa. 2007). Appellant has failed to include a Rule 2119(f) statement in his brief,

and the Commonwealth has objected to this omission. (Commonwealth's brief at 29-30.) Accordingly, appellant's final issue is waived.

Judgment of sentence affirmed.


Shogan, J. joins the Memorandum.


Bowes, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH

VS.

DARRELL LANDERS

CP-51-CR-0003725-2011

1217 EDA 2013

Pa. R.A.P. 1925(a) OPINION

FILED

NOV 0 5 2013

Criminal Appeals Unit
First Judicial District of PA

## PROCEDURAL HISTORY

On January 29, 2013, following a jury trial, Appellant was found guilty of possession with intent to deliver a controlled substance ("PWID"),[1] and knowing and intentional possession of a controlled substance.[2] On March 14, 2013, Appellant was sentenced to an aggregate term of one (1) to two (2) years' incarceration followed by three (3) years' reporting probation. On March 18, 2013, the court denied Appellant's motion for modification of sentence. On April 17, 2013, the instant notice of appeal was filed to the Superior Court of Pennsylvania. A statement of matters complained of on appeal was filed on August 22, 2013.

## EVIDENCE PRESENTED BY THE COMMONWEALTH

The Commonwealth presented evidence of an investigation involving suspected narcotics activity and the observation of a narcotics transaction. Police Officer Robert Montague, badge number 6480, testified regarding his role in a narcotics investigation on November 11, 2010. N.T. 1/29/13 at 9. Officer Montague conducted narcotics surveillance in the area of 5000 Griscom Street. Id. at 12. At approximately 11:20 a.m., Officer Montague, from a distance of approximately half a block, observed

[1] 35 P.S. §780-113(a)(30).
[2] 35 P.S. §780-113(a)(16).

1

Appellant standing outside of 5022 Griscom Street. Id. at 12, 15. At approximately 11:50 a.m., a white male, later identified as Robert Kleinfelder, approached Appellant. Id. After a brief conversation, Mr. Kleinfelder handed Appellant an undetermined amount of United States currency. Id. at 13. After receiving the currency, Appellant walked up steps in between 5022 and 5024 Griscom Street and returned to Mr. Kleinfelder a few seconds later. Id. Appellant was out of Officer Montague's view upon ascending the steps. N.T. 1/29/13 at 16. Appellant then handed small objects to Mr. Kleinfelder, who accepted them and walked northbound on Griscom Street. Id. Officer Montague put out flash information to fellow officers pertaining to Mr. Kleinfelder. Id. at 17. Officer Sean Kennelly, badge number 3221, responded to the flash information and stopped Mr. Kleinfelder once he appeared to be out of the seller's view. Id. at 43, 45. Recovered from Mr. Kleinfelder were two packets, one yellow and one clear, containing marijuana. Id. at 44, 64.

At approximately 12:15 p.m., a white female, later identified as Catherine Price, approached Appellant, who was standing outside the same property. N.T. 1/29/13 at 17. Their interaction mirrored that of Appellant and Mr. Kleinfelder; Ms. Price handed Appellant an undetermined amount of United States currency. Id. at 17-18. Appellant walked up the same steps for a few seconds, returned and handed Ms. Price small objects. Id. at 18. Upon receiving the objects, Ms. Price walked southbound on Griscom Street. Id. Officer Montague again put out flash information to fellow officers, this time regarding Ms. Price. Id. Officer Andre Hudgens, badge number 7402, responded to the flash information provided by Officer Montague. Id. at 53. Officer Hudgens stopped Ms. Price on Griscom Street and recovered one purple tinted packet containing crack cocaine from her left hand. N.T. 1/29/13 at 53, 65.

At approximately 12:35 p.m., Appellant proceeded to walk northbound at which time Officer Montague put out flash information to have him stopped. Id. at 19. Officer Thomas Fitzgerald, badge

2

number 4698, received a radio call regarding Appellant and subsequently stopped him on the 5000 block of Griscom Street. Id. at 38. Recovered from Appellant was $49 United States currency. Id.

DISCUSSION

I.    **Appellant's motion for dismissal of charges pursuant to Pa. R. Crim. P. 600(G) was properly denied.**

Appellant alleges that the court's denial of his motion to dismiss was erroneous. Rule 600(G) allows defendants on bail after the expiration of 365 days to apply for dismissal of charges. Pa.R.Crim.P. 600(G). If the defendant files a motion to dismiss, the court must assess whether there is excludable time and/or excusable delay. Commonwealth v. Hill, 736 A.2d 591 (Pa. 1999). Even where a violation of Rule 600 has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and the circumstances occasioning the postponement were beyond the control of the Commonwealth. Commonwealth v. Frye, 909 A.2d 853, 858 (Pa. 2006). Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Id.

The proper scope of review…is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault                of                the                Commonwealth.

* * *

3

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. Commonwealth v. Jones, 886 A.2d 689, 699 (Pa. Super. 2005), (quoting Commonwealth v. Brown, 875 A.2d 1128, 1133 (Pa. Super. 2005)).

Although more than 365 days had elapsed before Appellant's trial commenced, the court determined that the Commonwealth demonstrated due diligence and that a significant portion of the delay was beyond its control. Counsel avers that because there was 394 days of nonexcludable delay, dismissal of charges is required. The court did not agree. Multiple defense and joint requests for continuance accounted for significant portion of pretrial delay. N.T. 1/28/13 at 3-5. Additionally, three continuances were granted at the Commonwealth's request. Id. The most recent request for continuance was on August 22, 2012 for the trial listing dated September 4, 2012. The Commonwealth represented that one officer was sick and another was injured on duty ("IOD"). Id. at 4. The court ruled that this time was extendable. Id. Therefore the only non-extendable delay resulting from Commonwealth continuances were confined to the preliminary hearing stage, due in part, to the incompletion of a drug seizure analysis and the absence of an officer due to illness. Id. at 5. Despite these two early delays, the court did not find a lack of due diligence. Therefore based upon the circumstances occasioning the postponement of trial, the court determined that dismissal of the charges was not appropriate.

## II. The Commonwealth presented sufficient evidence to sustain the jury verdict.

Appellant next claims that the evidence was insufficient to show that he possessed narcotics with the intent to deliver. When reviewing a challenge to the sufficiency of the evidence, the Superior Court must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Hennigan, 753 A.2d 245, 253 (Pa. Super.

4

2000). In considering such a claim, this Court "may not weigh the evidence and substitute [its] judgment for that of the fact-finder." Id. "The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Id.

An actor not authorized by law may not posses controlled substances with the intent to deliver or manufacture to third parties. 35 Pa.C.S. § 780-113(a)(30). When examining whether a controlled substance was possessed with intent to deliver, the court must consider all of the facts and circumstances surrounding the possession of the substance. Commonwealth v. Torres, 617 A.2d 812, 814-15 (Pa. Super. 1992).

The Commonwealth's evidence warranted the jury's finding regarding Appellant's possession with intent to distribute narcotics. Officer Montague detailed two nearly identical transactions involving the exchange of United States currency for small objects believed to be narcotics. After receiving United States currency, Appellant briefly walked to the same steps nestled between 5022 and 5024 Griscom Street, returned and executed a hand motion consistent with passing narcotics to a buyer. N.T. 1/29/13 at 13-18.

The recovery of narcotics from the suspected buyers following the perceived transactions permitted the jury to reasonably conclude that the small objects passed by Appellant were in fact those recovered. In fact, one of the suspected buyers was found actually holding narcotics in her hand. Id. at 53. Officer Hudgens was already present on Griscom Street and observed her walking southbound after he received flash information. Id. The swift manner in which the buyer was stopped, reasonably inferable by the jury based upon Officer Hudgen's location, further bolstered the finding that the

5

narcotics recovered were the items she just accepted in a hand-to-hand exchange. The currency recovered from Appellant further supported the jury's finding that Officer Montague's observation and interpretation of the encounters as drug transactions demonstrated the requisite intent for purposes of 35 P.S. §780-113(a)(30).

The totality of the evidence – the two nearly identical observed transactions, the lack of paraphernalia for consumption, and the subsequent, expeditious recovery of narcotics from each suspected buyer warranted the finding that the narcotics recovered were possessed by Appellant with the intent to deliver.

III.    **Appellant's claim that the verdict was against the weight of the evidence is meritless.**

Appellant also asserts that the verdict reached by the jury was against the weight of the evidence.[3] The standard for review of a claim that a verdict is against the weight of the evidence is well-established: The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003). An appellate court cannot substitute its judgment for that of the finder of fact. Id. Thus, the lower court's verdict may only be reversed if it is so contrary to the evidence as to shock one's sense of justice. Id. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Commonwealth v. Cousar, 928 A.2d 1025, 1036 (Pa. 2007).

---

[3] Appellant preserved a challenge pertaining to the weight of evidence by advancing an oral motion for a new trial at the sentencing hearing. Pursuant to Rule 607, a claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: 1) orally, on the record, at any time before sentencing; 2) by written motion at any time before sentencing; or 3) in a post sentence motion. Pa.R.Crim.P. 607.

6

In claiming the verdict was against the weight of the evidence, Appellant pointed to the lack of drugs recovered from either his person or immediate area. N.T. 3/14/2013 at 4. Appellant's argument hinges upon the dubious premise that a PWID conviction cannot be sustained as to sales which exhaust the seller's stash. Officer Montague detailed two transactions during which Appellant maintained his position. N.T. 1/29/13 at 13-18. After the conclusion of the second transaction, Appellant was observed leaving the location. Id. at 19. Considering that the officers' testimony did not demonstrate that Appellant's supply was recently replenished, the jury may have reasonably interpreted the abandonment of his position and the lack of narcotics recovered from Appellant as consistent with the tactic of selling from a finite stash of narcotics, possibly until depletion.

The jury reasonably accepted police testimony detailing Appellant's perceived execution of narcotics sales, and attached significant weight thereto. The recovery of narcotics from the suspected buyers may have been viewed as corroborating the officers' testimony. Furthermore, the jury may have determined that the cash recovered from Appellant constituted the proceeds of the previously observed sales. The jury's findings of fact, based largely upon the officers' testimony, are certainly not shocking to one's sense of justice.

## IV. The court properly exercised its discretion in fashioning Appellant's sentence.

Lastly, Appellant alleges that the lower court erred in denying his motion to modify sentence, presumably due to an alleged abuse of sentencing discretion. Even if this Court finds a substantial question was raised, the sentence imposed by the lower court was proper.[4] When reviewing sentencing matters, the Superior Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and

---

[4] In order to appeal the discretionary aspects of a sentence, the defendant must raise a substantial question as to whether the court properly considered the sentencing guidelines. See Commonwealth v. Begley, 780 A.2d 605, 642 (Pa. 2001). To demonstrate that a substantial question exists, "a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature." Commonwealth v. Mouzon, 812 A.2d 617, 622 (Pa. 2002).

7

nature of the crime. Commonwealth v. Canfield, 639 A.2d 46, 50 (Pa. Super. 1994). A sentence imposed by the sentencing judge will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Galletta, 864 A.2d 532, 34 (Pa. Super. 2004).

Appellant undoubtedly received a sentence consistent with the sentencing guidelines. The standard range pertaining to Appellant's PWID conviction was calculated to be three to twelve months incarceration.[5] N.T. 3/14/13 at 5. Appellant's minimum sentence of twelve months therefore fell in the standard guideline range. Additionally, Appellant's eligibility for Recidivism Risk Reduction Incentive ("RRRI") reduced his minimum sentence to nine months. Id. at 13. Although Appellant is unsatisfied with his sentence, as expressed by his belief that only probation was warranted,[6] the court did not find mitigation appropriate.

The sentencing court evaluated both the nature of the crime as well as Appellant's character before fashioning a sentence. Despite the court's appreciation of Appellant's illnesses, after reviewing the pre-sentence investigation and mental health reports, the court imposed a sentence within the standard range. Having adhered to the sentencing guideline recommendation, the sentence was neither excessive nor manifestly unreasonable.

CONCLUSION

For the aforementioned reasons, the judgment of sentence should be affirmed.

BY THE COURT:

HON. EARL W. TRENT, JR.

11/15/13

---

[5] See 42 Pa.C.S. §303.16 (Basic Sentencing Matrix).
[6] See N.T. 3/14/13 at 11.

8